# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### DECEMBER SESSION, 1997

**FILED**

**January 12, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

PERRY McDONALD,                )
                              )   No. 03C01-9703-CC-00103
  Appellant                    )
                              )   BRADLEY COUNTY
vs.                            )
                              )   Hon. STEVE R. BEBB, Judge
STATE OF TENNESSEE,            )
                              )   (Post-Conviction)
  Appellee                     )

For the Appellant:

**Perry McDonald,** *Pro Se*
Northeast Correctional
 Center, No. 240535
P. O. Box 5000
Mountain City, TN  37683-5000

For the Appellee:

**John Knox Walkup**
Attorney General and Reporter

**Timothy F. Behan**
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

OPINION FILED: _____

AFFIRMED

**David G. Hayes**
Judge

**OPINION**

The appellant, Perry McDonald, appeals the judgment of the trial court summarily dismissing his petition for post-conviction relief.[1] His petition alleges that he is currently serving an effective sentence of seventy-six years imprisonment following his convictions for especially aggravated kidnapping, aggravated rape, aggravated robbery, two counts of aggravated burglary, and theft. Judgments of conviction were entered on October 10, 1994, following the appellant's guilty pleas to these offenses.[2] In his *pro se* petition, he alleges as grounds for relief: (1) involuntary guilty pleas; (2) ineffective assistance of counsel; and (3) defective indictment. The trial court found the appellant's claims barred by the statute of limitations. The appellant appeals from this ruling.

After review, we affirm.

**ANALYSIS**

The appellant argues that the trial court erred in ruling that his petition is time-barred for two reasons. First, on the date his guilty pleas were entered, the applicable statute of limitations period was three years. See Tenn. Code Ann. § 40-30-102 (repealed 1995). Accordingly, he argues that any reduction of the three year period violates due process and the dictates of Sands v. State, 903 S.W.2d 297, 301 (Tenn. 1995). In further support of this position, he cites as authority this court's decision in Carter v. State, No. 03C01-9509-CC-00270, (Tenn. Crim. App. at Knoxville, July 11, 1996), rev'd, 952 S.W.2d 417 (Tenn. 1997). Second, the

---

[1]The State correctly argues that the appellant failed to file his notice of appeal within the thirty day time period allowed by Rule 4 of the Tennessee Rules of Appellate Procedure. See Tenn. R. App. P. 4(a). However, in the interest of justice, we address the appellant's claims.

[2]The trial court's "Order of Dismissal" reflects "[t]hat the entry of the judgment in [5] five of these cases was October 17, 1994, and in one case the date of January 25, 1995."

appellant contends that his claim of a defective indictment raises "subject matter jurisdictional questions" which may be presented at any time and cannot be waived. Specifically, he argues that the indictment language charging him with aggravated rape failed to charge a criminal offense. In support, the appellant cites State v. Hill, No. 01C01-9508-CC-00267 (Tenn. Crim. App. at Nashville, June 20, 1996), rev'd, 954 S.W.2d 725 (Tenn. 1997). The appellant's reliance upon Carter and Hill is misplaced. Both of these cases have been reversed by our supreme court. Carter, 952 S.W.2d at 417; Hill 954 S.W.2d at 725.

We note that the challenged indictment in Hill and the instant case involve the same criminal offense, aggravated rape. Thus, Hill is the law of the case. Moreover, the challenged indictment in the present case was not included in the record. It is incumbent upon the appellant to prepare a record that includes all material necessary for review of his appeal. See Tenn. R. App. P. 24(b). Absent the necessary relevant material in the record, an appellate court cannot consider the merits of the issue. State v. Ballard, 855 S.W.2d 557, 560-61 (Tenn. 1993). Accordingly, we find no merit to the appellant's argument that the indictment was defective.

In reference to the appellant's due process claim, we note that his petition for post-conviction relief was filed on October 2, 1996. Thus, his petition is governed by the Post-Conviction Procedure Act in effect on the date of filing. In Daniels v. State, 03C01-9606-CC-00244 (Tenn. Crim. App. at Knoxville, Feb. 27, 1997), perm. to appeal denied, (Tenn. Sept. 29, 1997), we articulated three categories of petitioners created by the 1995 Post-Conviction Procedure Act, which was in effect on the date this petition was filed.

> The new Post-Conviction Procedure Act became effective May 10, 1995, reducing the statute of limitations period from three years to one year. Tenn. Code Ann. § 40-30-202(a) (1995 Supp.) Section 3 of Tenn. Pub. Act 207, which is not codified, but is noted in the Compiler's Notes, Tenn. Code Ann. § 40-30-201 (1995 Supp.), provides that "any person having

3

ground for relief recognized under this part shall have at least one year from May 10, 1995, to file a petition . . . under this part." Thus, the limitation provision of the new Act, in effect, creates three potential categories of petitioners, whose petition is filed on or after May 10, 1995. (1) Those petitioners whose three-year statute of limitations has extinguished any remedy available under the Act; (2) Those petitioners whose three-year period was "cut short" by the enactment of the new one-year statute of limitations. The effect upon the petitioner in this group is that the three-year limitations period will be reduced to one year plus the period from the date of the petitioner's final conviction and May 9, 1995. Finally, (3), . . . those petitioners whose three year limitation period expired during the period between May 10, 1995, and May 9, 1996. A petitioner in this category would, in effect, be granted an enlargement of the three year limitation period, conceivably to a maximum period of one day less than four years. . . .

The legislative intent behind the Act is clear, i.e., "to limit the number of post-conviction petitions that a defendant could file and to reduce the time in which he could file them." See Carter, No. 03C01-9509-CC-00270 (Welles, J., dissenting).

The appellant falls within the second category. Since he was convicted in 1994 and 1995, his time to file a post-conviction petition was effectively "cut short" by the new Act which went into effect on May 10, 1995. Instead of having three years from the date of the conviction in which to file a petition for post-conviction relief, the appellant had only from the date of his convictions to May 9, 1996. Accordingly, because the petition was filed on October 4, 1996, it was time-barred.

We find the appellant's due process argument without merit. See Carothers v. State, No. 01C01-9610-CR-00455 (Tenn. Crim. App. at Nashville, Dec. 4, 1997) (holding that appellants were not deprived of due process whose statutory time period was effectively "cut short" by the new Act). For the foregoing reasons, we conclude that the trial court was correct in summarily dismissing the appellant's petition. The judgment of the trial court is affirmed.

4

_____
DAVID G. HAYES, Judge


CONCUR:



_____
DAVID H. WELLES, Judge



_____
THOMAS T. WOODALL, Judge