# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

AUBREY M. BRIGANCE,                     )
                                        )
    Petitioner,                         )   C. C. A. NO. 02C01-9709-CR-00342
                                        )
vs.                                     )   SHELBY COUNTY
                                        )
STATE OF TENNESSEE,                     )   No. P-16907
                                        )
    Respondent.                         )

FILED

January 13, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

## O R D E R

This matter is before the court upon the state's motion, pursuant to Rule 20, Rules of the Court of Criminal Appeals, to affirm the judgment of the trial court by order rather than formal opinion. On December 4, 1978, the petitioner pled guilty to first degree burglary and was sentenced to five years imprisonment. No appeal was taken. On May 7, 1996, the petitioner filed a petition for post-conviction relief alleging an involuntary guilty plea and ineffective assistance of counsel. Finding that the statute of limitations had expired, the trial court dismissed the petition without a hearing.

Pursuant to T.C.A. § 40-30-202(a), a person in custody under a sentence of a court of this state must petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which judgment became final. The Post-Conviction Procedure Act provides several limited exceptions to the one-year statute of limitations, however, none of them are applicable to the present case. See § 40-30-202(b).

Judgment in this case became final on December 4, 1978, and the petitioner did not file his petition for post-conviction relief until May 7, 1996. Accordingly, his petition is clearly barred by the statute of limitations. The petitioner, citing State v. Carter, 952 S.W.2d 417 (Tenn. 1997) (holding that the 1995 Post-Conviction Procedure Act did not revive claims barred by the previous statute of

limitations), acknowledges this fact in his brief and states that the issue is raised on appeal in order to preserve other rights and remedies which may be available to him in the future.

We conclude, therefore, that the trial court did not err in dismissing the petitioner's petition for post-conviction relief.  Accordingly, it is hereby ORDERED that state's motion is granted and the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

Enter, this the ___ day of January, 1998.

_____
PAUL G. SUMMERS, JUDGE


_____
JOE B. JONES, PRESIDING JUDGE


_____
DAVID G. HAYES, JUDGE