IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
MARCH 1998 SESSION

FILED

March 11, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

EARL JEROME LEE,                    )
                                    )
        Petitioner,                 )    C. C. A. NO. 02C01-9707-CC-00282
                                    )
vs.                                 )    MADISON COUNTY
                                    )
STATE OF TENNESSEE,                 )    No. C-95-352
                                    )
        Respondent.                 )


O R D E R


        This case represents an appeal from the dismissal of the petitioner's

second petition for post-conviction relief.  The petitioner was originally convicted of

aggravated kidnapping and attempt to commit felony escape in February 1988.

Apparently, no appeal was taken.  The petitioner thereafter filed his first petition for

post-conviction relief, which was denied by the trial court on August 18, 1992.  Again,

no appeal apparently was taken.


        On October 23, 1995, the petitioner filed his second petition for post-

conviction relief.  Finding that a previous petition had been filed, the trial court

summarily dismissed the petition on November 1, 1995.  The petitioner did not timely

file a notice of appeal.  The trial court, however, appointed counsel on December 29,

1995, and thereafter conducted a hearing on counsel's motion to set aside the order

dismissing the second petition.  On April 29, 1997, the trial court denied counsel's

motion but granted the petitioner an opportunity to file a delayed appeal.  The trial court

was without authority to do this.  Pursuant to T.R.A.P. 4(a), the petitioner had thirty (30)

days from the entry of the order dismissing is petition in which to file a notice of appeal.

This was not done.  Moreover, T.R.A.P. 4(a) further provides that the appropriate

appellate court shall determine whether waiver of the timely filing of the notice of appeal

is required in the interest of justice.  Despite the trial court's action, and after reviewing

this matter, we have decided to waive the notice of appeal and consider the merits of

the appeal.

T.C.A. § 40-30-202(c)[1] provides that no more than one petition for post-conviction relief may be filed attacking a single judgment, and mandates that the trial court shall summarily dismiss any second or subsequent petition if a prior petition was filed and resolved on the merits by a court of competent jurisdiction.  Since the petitioner previously filed a petition, the petitioner's second petition was properly dismissed.  The petitioner claims, however, that the trial court did not properly consider whether or not the first petition was resolved on the merits.  Regardless of this fact, the petition in this case was filed well beyond the applicable statute of limitations, and would, therefore, otherwise be considered untimely.  See T.C.A. § 40-30-202(a).  See also Carter v. State, 952 S.W.2d 417 (Tenn. 1997) (holding that the 1995 Post-Conviction Procedure Act did not create a one year window in which previously barred claims could be raised).  The petitioner seems to suggest that State v. Anthony, 817 S.W.2d 299 (Tenn. 1991) would provide him relief.  The present petition, however, was filed well beyond one year after the release of that decision.  see T.C.A. § 40-30-202(b)(1).  Additionally, after reviewing the entire record on appeal, we find that the petitioner's claim does not fall within one of the limited circumstances under which a prior petition may be re-opened.  See T.C.A. § 40-30-217.

We conclude, therefore, that the trial court did not err in dismissing the petitioner's second petition for post-conviction relief.  Accordingly, it is hereby ORDERED that the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

Enter, this the ___ day of March, 1998.

---

[1] The petition in this case was filed on October 23, 1995, and is therefore governed by the provisions of the 1995 Post-Conviction Procedure Act.  See Compiler's Notes, T.C.A. § 40-30-201 (1997).

2

_____
JOE B. JONES, PRESIDING JUDGE


_____
GARY R. WADE, JUDGE


_____
JERRY L. SMITH, JUDGE

3