**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT KNOXVILLE**

**FEBRUARY SESSION, 1998**

FILED

March 24, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **CHARLES SHELTON,** | ) | **C.C.A. NO. 03C01-9707-CR-00236** |
| | ) | |
| Appellant, | ) | |
| | ) | **GREENE COUNTY** |
| **V.** | ) | |
| | ) | |
| | ) | **HON. JAMES E. BECKNER, JUDGE** |
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| Appellee. | ) | **(POST-CONVICTION)** |

FOR THE APPELLANT:                    FOR THE APPELLEE:

**CHARLES SHELTON,** *pro se*          **JOHN KNOX WALKUP**
#117031, N.E.C.C.                     Attorney General & Reporter
P.O. Box 5000
Mountain City, TN  37683-5000         **ELLEN H. POLLACK**
                                      Assistant Attorney General
                                      2nd Floor, Cordell Hull Building
                                      425 Fifth Avenue North
                                      Nashville, TN  37243

                                      **C. BERKELEY BELL, JR.**
                                      District Attorney General
                                      Greene County Office Complex
                                      113-J West Church Street
                                      Greeneville, TN  37745

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Petitioner, Charles Shelton, appeals the order of the Greene County Criminal Court dismissing his *pro se* petition for post-conviction relief. The trial court found that the petition was filed outside the statute of limitations. In this appeal, Petitioner raises numerous issues which can collectively be summarized as challenging the trial court's ruling that the petition for post-conviction relief is time-barred. After a review of the record, we affirm the trial court's denial of post-conviction relief.

Petitioner pled guilty on June 19, 1987 to various sexual crimes and was convicted of those crimes. Petitioner did not appeal any of the convictions. Petitioner's convictions are controlled by a three-year statute of limitations under Tennessee Code Annotated section 40-30-102 (repealed 1995). He therefore needed to file his petition by June 19, 1990 in order to toll the running of the statute. However, Petitioner did not file a petition for post-conviction relief until May 16, 1997, thus barring any claims he might have had.

Furthermore, Petitioner's petition is not revived by the new Post-Conviction Procedure Act. See Tenn. Code Ann. § 40-30-201 et seq. The Tennessee Supreme court recently held the following:

> [The new Act] is not intended to revive claims that were barred by the previous statute of limitations. We agree with the view that the statute was intended to restrict the time and opportunity to seek post-conviction relief. Clearly, this purpose is not served by a statutory construction that allows additional time and opportunity for petitioners whose claims are already barred by the prior statute of limitations.

Carter v. State, 952 S.W.2d 417, 420 (Tenn. 1997). Therefore, "petitioners for whom the statute of limitations expired prior to the effective date of the new Act, i.e., May 10, 1995, do not have an additional year in which to file petitions for post-conviction relief." Id. at 418. Even if *arguendo* the new Act did grant one additional year in which to file, Petitioner waited two years before first filing his petition.

Accordingly, we conclude that the trial court correctly found that the petition was barred by the statute of limitations, and therefore, a summary dismissal of the petition was appropriate. Tenn. Code Ann. § 40-30-206(b).

_____
THOMAS T. WOODALL, Judge

CONCUR:

_____
JERRY L. SMITH, Judge

_____
WILLIAM B. ACREE, JR., Special Judge