IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

MARCH 1998 SESSION

FILED

March 31, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **VERNON W. NEWSOME,** | ) | |
| | ) | **NO. 01C01-9706-CR-00214** |
| Appellant, | ) | |
| | ) | **DAVIDSON COUNTY** |
| **VS.** | ) | |
| | ) | **HON. SETH NORMAN,** |
| **STATE OF TENNESSEE,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | **AFFIRMED - RULE 20** |

## O R D E R

Petitioner, Vernon W. Newsome, appeals the dismissal by the Davidson County Criminal Court of his second petition for post-conviction relief. We affirm the dismissal pursuant to Rule 20 of the Tennessee Court of Criminal Appeals.

I

Petitioner was convicted in September 1985 of robbery with a deadly weapon and three (3) counts of aggravated rape. The convictions were affirmed by this Court. *See* State v. Newsome, 744 S.W.2d 911 (Tenn. Crim. App. 1987). Permission to appeal was denied by the Tennessee Supreme Court in December 1987.

Petitioner filed his first petition for post-conviction relief in March 1991. The petition was dismissed in October 1991.[1] No appeal was taken from the dismissal.

The present petition was filed on May 4, 1996. The sole allegation in the petition is that the "reasonable doubt" jury instruction given in the original trial is unconstitutional. The trial court dismissed the petition without a hearing finding (1) it was barred by the statute of limitations; (2) the jury instruction issue was waived

_____

[1]Although the first petition and order of dismissal are not a part of the record, it would appear the petition was filed beyond the three-year statute of limitations then in effect. *See* Tenn. Code Ann. § 40-30-102 (repealed 1995 Pub. Acts, Chapter 207).

since it was not raised in the prior petition; and (3) the reasonable doubt jury instruction containing the words "moral certainty" was not unconstitutional.

II

This matter is governed by the Post-Conviction Procedure Act of 1995 since it was filed after May 10, 1995. *See* Tenn. Code Ann. § 40-30-201 Compiler's Notes. Nevertheless, the statute of limitations expired in December 1990, three years after the Tennessee Supreme Court denied permission to appeal the original convictions. The statute was not revived by the Post-Conviction Procedure Act of 1995. *See* Carter v. State, 952 S.W.2d 417, 420 (Tenn. 1997).

The Post-Conviction Procedure Act contemplates the filing of only one petition for post-conviction relief. Tenn. Code Ann. § 40-30-202 (c). Ordinarily, a second or subsequent petition is to be summarily dismissed. Id. A petitioner may file a motion to reopen a prior post-conviction proceeding under limited circumstances as set out in Tenn. Code Ann. § 40-30-217 (a). None of these circumstances applies to the present petition. Furthermore, a petitioner only has ten (10) days to file an application in this Court "seeking permission to appeal" the denial of the motion. Tenn. Code Ann. § 40-30-217 (c). This procedure was not followed in this case.

We also agree with the trial court's determination that the "moral certainty" jury instruction is constitutional. *See* Carter v. State, ___ S.W.2d ___ (Tenn. 1997) (filed October 20, 1997, at Knoxville). Likewise, the trial court was correct in ruling that this issue was waived by the failure to present it in the first petition for post-conviction relief. *See* Tenn. Code Ann. § 40-30-206 (g); House v. State, 911 S.W.2d 705, 714 (Tenn. 1995).

It is, therefore, ORDERED that the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Tennessee Court of Criminal Appeals. Costs shall be assessed against the state since petitioner is indigent.

2

_____

**JOE G. RILEY, JUDGE**


**CONCUR:**


_____

**JOSEPH M. TIPTON, JUDGE**


_____

**DAVID H. WELLES, JUDGE**