# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

ROBERT S. MOORE, )
                )
         Appellant, )  **C.C.A. NO. 01C01-9712-CC-00580**
                )  **(No. 1614 Below)**
VS. )
                )  **MAURY COUNTY**
STATE OF TENNESSEE, )
                )  **The Hon. Jim T. Hamilton**
        Appellee. )
                )  **(Denial of Motion to Vacate)**
                )  **AFFIRMED PURSUANT TO RULE 20**

FILED

April 15, 1998

Cecil W. Crowson
Appellate Court Clerk

## O R D E R

This matter is before the Court upon the state's motion requesting that the judgment in the above-styled cause be affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals Rules. The petitioner objects to the state's motion. After reviewing the pleadings and the record on appeal, this Court finds that the trial court properly dismissed the petitioner's Motion to Vacate Count III of Original Indictment and grants the state's motion to affirm the judgment pursuant to Rule 20.

In 1982, the petitioner was indicted for first-degree murder, assault with the intent to commit another first-degree murder, and the use of a firearm in the commission of a felony. The petitioner was convicted of all three counts. His convictions were upheld by this Court in State v. Robert Moore, No. 84-160-III (Tenn. Crim. App., at Nashville, Feb. 15, 1985), perm. to app. denied, (Tenn. Apr. 29, 1985). Subsequently, this Court upheld the denial of the petitioner's first post-conviction petition in Robert S. Moore v. State, No. 87-174-III (Tenn. Crim. App., at Nashville, Aug. 10, 1988), perm. to app. denied, (Tenn. Dec. 5, 1988). The dismissal of the petitioner's second post-conviction petition was upheld in Robert S. Moore v. State, No. 01C01-9001-CC-00017 (Tenn. Crim. App., at Nashville, May 16, 1990), perm. to app. denied, (Tenn. July 30, 1990).

In his motion to vacate, the petitioner argued that the trial court should dismiss the indictment and vacate his conviction for possession of a firearm in the commission of a felony on the grounds that the offense was not presented in the indictment under the applicable statute, his conviction for possession of a firearm violated double jeopardy, that possession of a firearm does not constitute a separate offense, and that he should not have received consecutive sentences. On appeal, the petitioner also contends that the trial judge

had the authority to reopen the case under the 1995 Post-Conviction Act. He also argues that the judge should have recused himself in this matter because he was the original trial judge.

In denying relief, the trial judge entered an order stating "[t]his Court has no authority to reopen this case, and therefore the petition must be and is here [sic] by dismissed."

Initially, we note that there is no statutory provision for the filing of a motion to vacate a judgment that is over ten years old. Generally, a trial court is without authority to vacate or amend a judgment once it has become final as in this case. See State v. Lock, 839 S.W.2d 436, 440 (Tenn. Crim. App. 1992). If the motion to vacate was considered as a petition for post-conviction relief, it would be outside the statute of limitations. T.C.A. § 40-30-202; see also, Carter v. State, 952 S.W.2d 417 (Tenn. 1997). Moreover, if the motion was treated as a motion to reopen the petitioner's post-conviction petition, none of the petitioner's claims meet the criteria for granting such relief as set forth in T.C.A. § 40-30-217(a).

IT IS, THEREFORE, ORDERED that the judgment of the trial court is affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals Rules. The petitioner being indigent, costs are taxed to the state.

ENTER, this the _____ day of April, 1998.

_____
JERRY L. SMITH, JUDGE

CONCUR:

_____
JOHN H. PEAY, JUDGE


_____
THOMAS T. WOODALL, JUDGE