# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## MARCH 1998 SESSION

FILED

April 23, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **CLEO CRAWFORD,** | ) | |
| | ) | **C.C.A. NO. 03C01-9604-CC-00172** |
| Appellant, | ) | |
| | ) | **SULLIVAN COUNTY** |
| VS. | ) | |
| | ) | **HON. FRANK L. SLAUGHTER,** |
| **STATE OF TENNESSEE,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

FOR THE APPELLANT:                          FOR THE APPELLEE:

**STEPHEN WALLACE**                          **JOHN KNOX WALKUP**
Public Defender                                  Attorney General & Reporter

**RICHARD A. TATE**                              **ELLEN H. POLLACK**
Asst. Public Defender                          Asst. Attorney General
P. O. Box 839                                    425 Fifth Ave., North
Blountville, TN 37617                          Cordell Hull Bldg., 2nd Fl.
                                                Nashville, TN 37243-0493

                                                **H. GREELEY WELLS, JR.**
                                                District Attorney General

                                                **BARRY STAUBUS**
                                                Asst. District Attomey General
                                                P. O. Box 526
                                                Blountville, TN 37617

OPINION FILED:_____

**AFFIRMED**

**JOHN H. PEAY,**
Judge

# O P I N I O N

The defendant was convicted of first-degree murder and received a life sentence. His conviction and sentence were affirmed by this Court and his application for permission to appeal was denied on February 8, 1982. The petitioner previously filed a petition for post-conviction relief which was denied after a hearing. This Court affirmed the lower court's dismissal of that petition, and the application for permission to appeal to the Supreme Court was denied on December 28, 1987.

The petitioner has now filed a second petition for post-conviction relief. The court below dismissed the petition without a hearing. The order of dismissal recited that the petition was barred by the statute of limitations, that the petitioner's claims of ineffective assistance were without merit, and that the alleged jury charge errors had been previously raised and litigated. It is from this dismissal the petitioner now appeals to this Court.

In his petition, the petitioner complains that the original trial court erred in its jury charge in defining the terms malice and deliberate; in its reasonable doubt instruction; and in charging presumptions based on the use of a weapon in the killing. He also alleges that his counsel was ineffective in failing to object to these erroneous jury charges and that his previous post-conviction counsel was "incompetent" for failing to include all grounds in the previous appeal. After a review of the record, we affirm the dismissal below.

The defendant's original conviction became final when our Supreme Court denied the petitioner's application for permission to appeal. This action occurred on

February 8, 1982. The Post-Conviction Procedure Act controlling this petition provided for a three year statute of limitations. T.C.A. § 40-30-102 (1990). This act was effective on July 1, 1986, and therefore a petition filed more than three years after that date is barred.

The Post-Conviction Procedure Act of 1995 granted petitioners one year in which to file their petition. See T.C.A. § 40-30-202. This act did not provide an additional year for those petitioners whose statutes of limitations had expired under the old act. State v. Carter, 952 S.W.2d 417 (Tenn. 1997).

We agree with the court below that the statute of limitations barred the present petition. Even if not barred, the ineffective assistance claims are without merit and the alleged errors in the jury charge have been previously raised and litigated. Further, there is no allegation in the petition that would allow the petitioner to reopen pursuant to T.C.A. § 40-30-217.

The dismissal of the petition is affirmed.

_____
JOHN H. PEAY, Judge

CONCUR:

_____
PAUL G. SUMMERS

_____
CORNELIA A. CLARK, Special Judge

3