IN THE SUPREME COURT OF TENNESSEE

AT KNOXVILLE

FILED

September 8, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| ARNOLD CARTER | ) | FOR PUBLICATION |
| | ) | |
| Appellee | ) | FILED: SEPTEMBER 8, 1997 |
| | ) | |
| | ) | MONROE COUNTY |
| v. | ) | |
| | ) | HON. R. STEVEN BEBB, |
| | ) | JUDGE |
| STATE OF TENNESSEE | ) | |
| | ) | NO. 03-S-01-9612-CR-00117 |
| Appellant | ) | |

For Appellee:                          For Appellant:

KENNETH F. IRVINE, JR.          JOHN KNOX WALKUP
Knoxville, TN                   Attorney General and Reporter

                                MICHAEL E. MOORE
                                Solicitor General

                                KATHY MORANTE
                                Deputy Attorney General
                                Nashville, TN

                                JERRY N. ESTES
                                District Attorney General

                                STEPHEN BAXTER WARD
                                Assistant District Attorney
                                 General

OPINION

REVERSED AND DISMISSED                                    BIRCH, J.

We granted the State's application in this case to determine whether the Post-Conviction Procedure Act of 1995 ("the new Act"), provides to petitioners for whom the statute of limitations had expired under the old Act additional time in which to file petitions for post-conviction relief. We conclude that although the language of the new Act is ambiguous, the legislative intent is clear: petitioners for whom the statute of limitations expired prior to the effective date of the new Act, i.e., May 10, 1995, do not have an additional year in which to file petitions for post-conviction relief. Thus, the petition filed by Arnold Carter is barred by the statute of limitations. The judgment of the Court of Criminal Appeals is reversed, and the petition is dismissed.

I

Petitioner Arnold Carter was convicted of first-degree murder in 1972 and sentenced to death. The Governor subsequently commuted the death sentence to a ninety-nine year term in the state penitentiary. The Court of Criminal Appeals affirmed the conviction and sentence in an unpublished decision, and this Court declined Carter's application for permission to appeal.[1] Thereafter, Carter filed three post-conviction petitions, and relief was denied in each of the first two petitions.[2]

---

[1] Arnold Carter v. State, No. 23 (Tenn. Crim. App. at Knoxville, May 9, 1973).

[2] Arnold Carter v. State, No. 88 (Tenn. Crim. App. at Knoxville, March 1, 1985), perm. to appeal denied concurring in results only (Tenn. 1985); Arnold Carter v. State, 600 S.W.2d 750 (Tenn. Crim. App. 1980).

In this latest petition filed on July 24, 1995, Carter alleges Brady violations and ineffective assistance of trial counsel. The trial court found the petition barred by the statute of limitations and dismissed it. A majority of the Court of Criminal Appeals interpreted the enabling provision of the new Act to provide the petitioner with a new one-year period in which to file a claim for post-conviction relief and thus, reversed the trial court.[3]

II

Prior to 1967, habeas corpus was the sole procedure available to collaterally challenge a conviction, and this remedy was criticized as being too limited in nature and scope. Thus, to provide a broader avenue for collateral challenge to criminal convictions on the basis of constitutional error, the legislature enacted the Post-Conviction Procedure Act of 1967. As originally adopted, the statute contained no statute of limitations. Effective July 1, 1986, however, the legislature adopted a three-year statute of limitations that was to apply prospectively. Tenn. Code Ann. § 40-30-102 (repealed 1995). Thus, any petitioner whose judgment became final on or before July 1, 1986, had until July 1, 1989, to file a petition for post-conviction relief. State v. Masucci, 754 S.W.2d 90 (Tenn. Crim. App. 1988).

---

[3]In his dissent, Judge Welles noted that in passing the new Act, the legislature intended to limit the number of petitions a petitioner could file and to reduce the time in which he or she could file them. Judge Welles opined that the legislature did not intend to revive a cause of action in the case of a petitioner for whom the statute of limitations had expired.

On May 10, 1995, the legislature, cognizant of the degree to which the deluge of post-conviction cases strained the courts, enacted the Post-Conviction Procedure Act of 1995. The new Act included a shorter statute of limitations period and limited the number of petitions that could be filed in any particular case. Tenn. Code Ann. §§ 40-30-202(b)(1) & 40-30-202(c)(Supp. 1996).[4]

The enabling provision of the Act in question reads as follows:

> This act shall take effect upon becoming a law, the public welfare requiring it and shall govern all petitions for post-conviction relief filed after this date, and any motions which may be filed after this date to reopen petitions for post-conviction relief which were concluded prior to the effective date of this act. <u>Notwithstanding any other provision of this act to the contrary, any person having a ground for relief recognized under this act shall have at least one (1) year from the effective date of this act to file a petition or a motion to reopen under this act.</u>

1995 Tenn. Pub. Act 207, § 3 (emphasis added).[5] "[T]he most basic principle of statutory construction is to ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope." <u>Worley v.</u>

---

[4]Under exceptional, statutorily limited circumstances, the statute of limitations can be waived, or a petitioner may move to reopen a previously concluded petition. Tenn. Code Ann. §§ 40-30-202(b) & 40-30-217(a)(Supp. 1996).

[5]According to standard practice, this provision was not published with the rest of the statute in the Tennessee Code Annotated.

Weigels, Inc., 919 S.W.2d 589, 593 (Tenn. 1996)(quoting Owens v. State, 908 S.W.2d 923, 926 (Tenn.1995)); State v. Sliger, 846 S.W.2d 262, 263 (Tenn. 1993). Legislative intent and purpose is to be ascertained primarily from the natural and ordinary meaning of the language used, without a forced or subtle construction that would limit or extend the meaning of the language. Tuggle v. Allright Parking Sys., Inc., 922 S.W.2d 105, 107 (Tenn. 1996); National Gas Distrib., Inc. v. State, 804 S.W.2d 66 (Tenn. 1991). When the language is ambiguous and does not yield a clear interpretation, the court may consult the legislative history for additional interpretive guidance. Storey v. Bradford Furniture Co., 910 S.W.2d 857, 859 (Tenn. 1995); see also Carr v. Ford, 833 S.W.2d 68, 69-70 (Tenn. 1992).

We find the language of the enabling provision ambiguous. The meaning of the phrase "any person having a ground for relief recognized under this act" is uncertain. The interpretation proffered by the petitioner is that the phrase means any person alleging a constitutional defect in the conviction or sentence, regardless of whether the claim would have been barred under the previous statute of limitations. As the State points out, however, the phrase is just as susceptible of being interpreted to mean any person having a cognizable ground for relief that is not barred by the previous statute of limitations. The mere fact that this phrase is reasonably interpreted either way makes it ambiguous.

Where the language of a legislative provision is unclear, the Court should look behind the face of the statute to determine

6

the legislature's intent.  First, we note that the changes to the post-conviction statutes, in every instance, limited the time and opportunity to file petitions for relief.  According to Representative Jere Hargrove, the sponsor of the proposed bill, the legislation was written to address constituents' concerns about the inordinate amount of time allowed in post-conviction proceedings. He explicitly stated that the purpose of the bill was to put time constraints on the "interminable duration of criminal appeals." Tennessee General Assembly, House Tape No. 59, 99th G.A., 1st Sess. (April 19, 1995)(statement of Representative Hargrove).

Representative Hargrove also expressed concern during discussions before the Judiciary Committee that the rights of petitioners not be extinguished by the change in the statute of limitations.  Tennessee General Assembly, House Judiciary Committee Tape No. 3, 99th G.A., 1st Sess. (April 19, 1995).  For instance, petitioners whose convictions became final before the effective date of the Act, would have otherwise had three years in which to file a post-conviction petition under the old statute.  As of May 10, 1995, there was a potential class of petitioners for whom the one year limitations period under the new law had expired but the three year limitations period under the old law had not.  The language of the enabling provision is intended to protect the rights of this class of petitioners; it is not intended to revive claims that were barred by the previous statute of limitations.

We agree with the view that the statute was intended to restrict the time and opportunity to seek post-conviction relief.

Clearly, this purpose is not served by a statutory construction that allows additional time and opportunity for petitioners whose claims are already barred by the prior statute of limitations.

Accordingly, the judgment of the Court of Criminal Appeals is reversed, and Carter's petition is dismissed. Costs of the appeal are taxed to Carter for which execution may issue, if necessary.

_____
ADOLPHO A. BIRCH, JR., Justice

CONCUR:
Anderson, C.J.
Drowota, Reid, Holder, JJ.