# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### JANUARY SESSION, 1998

FILED

February 11, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 01C01-9612-CC-00522 |
| | ) | |
| Appellee, | ) | |
| | ) | VAN BUREN COUNTY |
| | ) | |
| V. | ) | |
| | ) | HON. CHARLES D. HASTON, JUDGE |
| JAMES RONALD JONES, | ) | |
| | ) | |
| Appellant. | ) | (POST-CONVICTION) |

FOR THE APPELLANT:

**JAMES RONALD JONES, *pro se***
11024-074, Shelby Unit
P.O. Box 34550
Memphis, TN 38184-0550

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**ELIZABETH B. MARNEY**
Assistant Attorney General
2nd Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, TN 37243

**WILLIAM M. LOCKE**
District Attorney General
111 Professional Building
McMinnville, TN 37110

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Petitioner, James Ronald Jones, appeals the order of the Van Buren Circuit Court dismissing his *pro se* petition for post-conviction relief. The trial court found that the petition was filed outside the statute of limitations. We affirm the judgment of the trial court.

From the record on appeal, it appears that Petitioner was convicted of arson in Van Buren County in October, 1989 following a plea of guilty. At the time of his guilty plea, there was a three-year statute of limitations for filing post-conviction petitioners pursuant to Tennessee Code Annotated section 40-30-102 (repealed 1995). Therefore, Petitioner had until October, 1992 in which to timely file a petition for post-conviction relief. However, Petitioner did not file his petition for post-conviction relief until May 10, 1996. The trial court subsequently dismissed the petition because it was time-barred.

Petitioner relies on this Court's decision in Arnold Carter v. State, C.C.A. No. 03C01-9509-CC-00270, Monroe County (Tenn. Crim. App., Knoxville, July 11, 1996), holding that the new Post-Conviction Procedure Act, effective May 10, 1995, granted an additional one-year period, until May 10, 1996, to file a post-conviction petition. However, our supreme court reversed this Court's decision in Carter. See Carter v. State, 952 S.W.2d 417 (Tenn. 1997); see also Tenn. Code Ann. § 40-30-201 et seq. In Carter, our supreme court held the following:

> [The new Act] is not intended to revive claims that were barred by the previous statute of limitations. We agree with the view that the statute was intended to restrict the time and opportunity to seek post-conviction relief. Clearly, this purpose is not served by a statutory construction

that allows additional time and opportunity for petitioners whose claims are already barred by the prior statute of limitations.

Carter v. State, 952 S.W.2d at 420. Therefore, "petitioners for whom the statute of limitations expired prior to the effective date of the new Act, i.e., May 10, 1995, do not have an additional year in which to file petitions for post-conviction relief." Id. at 418.

Accordingly, we conclude that the trial court correctly found that the petition was barred by the statue of limitations, and therefore, a summary dismissal of the petition was appropriate. Tenn. Code Ann. § 40-30-206(b).

The judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, Judge

CONCUR:

_____
DAVID H. WELLES, Judge

_____
JERRY L. SMITH, Judge