# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### FEBRUARY SESSION, 1998

FILED

February 24, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **ROBERT DUANE BITNER,** | ) | **C.C.A. NO. 02C01-9705-CC-00177** |
| | ) | |
| Appellant, | ) | |
| | ) | **CARROLL COUNTY** |
| **V.** | ) | |
| | ) | |
| | ) | **HON. C. CREED MCGINLEY, JUDGE** |
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| Appellee. | ) | **(POST-CONVICTION)** |

FOR THE APPELLANT:                    FOR THE APPELLEE:

**ROBERT DUANE BITNER, *pro se***      **JOHN KNOX WALKUP**
Register Number 216742              Attorney General & Reporter
Route 1, Box 330
Tiptonville, TN  38079-9775          **KENNETH W. RUCKER**
                                     Assistant Attorney General
                                     2nd Floor, Cordell Hull Building
                                     425 Fifth Avenue North
                                     Nashville, TN  37243

                                     **G. ROBERT RADFORD**
                                     District Attorney General

                                     **ELEANOR CAHILL**
                                     Assistant District Attorney General
                                     111 Church Street
                                     P.O. Box 686
                                     Huntingdon, TN  38344-0686

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

This case represents an appeal from the dismissal of the Petitioner's petition for post-conviction relief. The Petitioner was originally convicted of three (3) counts of aggravated sexual battery and received an effective twenty-four (24) year sentence. This court affirmed the judgment of the trial court on direct appeal, State v. Bitner, C.C.A. No. 02C01-9307-CC-00148, Carroll County (Tenn. Crim. App., Jackson, May 25, 1994), and the supreme court denied application for permission to appeal on August 29, 1994. On July 10, 1996, Petitioner filed a petition for post-conviction relief. Finding that the statute of limitations had expired, the trial court dismissed the petition without a hearing.

The petition in this case was filed after the effective date of the 1995 Post-Conviction Procedure Act, and is therefore governed by the provisions found therein. Compiler's Notes, Tenn. Code Ann. § 40-30-201 (1997). Pursuant to Tennessee Code Annotated section 40-30-202(a) (1997), a person in custody under a sentence of a court of this state must petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which judgment became final. This section further provides that the statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity, other than three (3) exceptions set forth in Tennessee Code Annotated section 40-30-202(b)(1), (2) and (3). None of these exceptions applies in this case. Judgment in this case became final on August 29, 1994, and the Petitioner did not file his petition for post-conviction relief until July 10, 1996.

Accordingly, his petition was barred by the statute of limitations. Because the prior three year statute of limitations had not expired on the effective date of the new Act, the Petitioner had until May 10, 1996, in which to file his petition for post-conviction relief. See Compiler's Notes, Tenn. Code Ann. § 40-30-201 (1997); Maney v. State, C.C.A. No. 03C01-9612-CR-00470, Bradley County (Tenn. Crim. App., Knoxville, Oct. 10, 1997) (no Rule 11 application filed). However, as noted, the petition in this case was filed beyond that date.

In Carter v. State, 952 S.W.2d 417 (Tenn. 1997), our supreme court recognized situations in which the new one year statue of limitations would expire before the prior three year statute. The court held that the enabling provision of the 1995 Act which granted persons in these situations until May 10, 1996, in which to file a petition for post-conviction relief, adequately protected the rights of these persons. Id. At 420.

Accordingly, we conclude that the trial court correctly found that the petition was barred by the statute of limitations, and therefore, a summary dismissal of the petition was appropriate. Tenn. Code Ann. § 40-30-206(b) (1997).

The judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, Judge

CONCUR:


_____
JOSEPH B. JONES, Presiding Judge


_____
JOHN H. PEAY, Judge