**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**
**AT JACKSON**
**MARCH 1998 SESSION**


STATE OF TENNESSEE,      )
                        )

      Appellee,       )   C. C. A. NO. 02C01-9707-CC-00266
                        )

vs.                )   DECATUR COUNTY
                        )

STEVEN S. NEWMAN,     )   Nos. 25, 86
                        )

      Appellant.      )

FILED

March 11, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

**O R D E R**


This case represents an appeal from the dismissal of the petitioner's petition for post-conviction relief. On January 5, 1987, the petitioner pled guilty to four counts of third degree burglary and one count of larceny from a vending machine, and on October 24, 1988, the petitioner pled guilty to second degree burglary and grand larceny. No appeal was taken from these convictions. On May 6, 1996, the petitioner filed a petition for post-conviction attacking the 1987 and 1988 larceny convictions; he apparently did not challenge the burglary convictions. The petitioner claimed that he was not fully advised of his rights against self incrimination or that these convictions could be used to enhance subsequent convictions. Finding that the statute of limitations had expired, the trial court dismissed the petition without a hearing.

Pursuant to T.C.A. § 40-30-202(a)[1], a person in custody under a sentence of a court of this state must petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which judgment became final. The Post-Conviction Procedure Act provides several limited exceptions to the one-year statute of limitations, however none of them are applicable to the present case. See § 40-30-202(b). The petition in this case was filed well beyond the applicable statute of

---

[1] The petition in this case was filed on May 6, 1996, and is therefore governed by the provisions of the 1995 Post-Conviction Procedure Act. See Compiler's Notes, T.C.A. § 40-30-201 (1997).

limitations, and is, therefore, untimely.[2]  Accordingly, the post-conviction court properly dismissed the petition without an evidentiary hearing.  T.C.A. § 40-30-206(b).  Contrary to the petitioner's claim, the 1995 Post-Conviction Procedure Act did not create a one year window in which previously barred claims could be raised.  See Carter v. State, 952 S.W.2d 417 (Tenn. 1997).

For the reasons stated above, we conclude that the trial court did not err in dismissing the petitioner's petition for post-conviction relief.  Accordingly, it is hereby ORDERED that the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

Enter, this the ___ day of March, 1998.

_____
JOE B. JONES, PRESIDING JUDGE


_____
GARY R. WADE, JUDGE


_____
JERRY L. SMITH, JUDGE

_____

[2]  The petition would also be barred under the previous three year statute of limitations.  See T.C.A. § 40-30-102 (1990) (repealed); Passarella v. State, 891 S.W.2d 619 (Tenn. Crim. App.), perm. to app. denied, (Tenn. 1994).