# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
## MARCH 1998 SESSION

**FILED**

**March 11, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

LARRY WAYNE BAXTER,    )
    )
    Petitioner,    )    C. C. A. NO. 02C01-9707-CC-00233
    )
vs.    )    HARDIN COUNTY
    )
STATE OF TENNESSEE,    )    Nos. 7571-73
    )
    Respondent.    )

## O R D E R

This case represents an appeal from the dismissal of the petitioner's petitions for post-conviction relief. On April 2, 1975, the petitioner pled guilty to third degree burglary, on March 24, 1977, the petitioner again pled guilty to third degree burglary, and on June 25, 1992, the petitioner pled guilty to aggravated assault. No appeal was taken from these convictions. On May 29, 1997, the petitioner filed petitions for post-conviction relief attacking each of these three convictions. The petitioner claimed that he was not fully advised of his rights against self incrimination or that these convictions could be used to enhance subsequent convictions. Finding that the statute of limitations had expired, the trial court dismissed the petitions without a hearing.

Pursuant to T.C.A. § 40-30-202(a)[1], a person in custody under a sentence of a court of this state must petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which judgment became final. The Post-Conviction Procedure Act provides several limited exceptions to the one-year statute of limitations, however none of them are applicable to the present case. See § 40-30-202(b). The petitions in this case were filed well beyond the applicable statute of

---

[1] The petitions in this case were filed on May 29, 1997, and are therefore governed by the provisions of the 1995 Post-Conviction Procedure Act. See Compiler's Notes, T.C.A. § 40-30-201 (1997).

limitations, and are, therefore, untimely.[2] Accordingly, the post-conviction court properly dismissed the petition without an evidentiary hearing. T.C.A. § 40-30-206(b). Moreover, our Supreme Court recently recognized that the 1995 Post-Conviction Procedure Act did not create a one year window in which previously barred claims could be raised. See Carter v. State, 952 S.W.2d 417 (Tenn. 1997).

For the reasons stated above, we conclude that the trial court did not err in dismissing the petitioner's petition for post-conviction relief. Accordingly, it is hereby ORDERED that the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

Enter, this the ___ day of March, 1998.

_____
JOE B. JONES, PRESIDING JUDGE


_____
GARY R. WADE, JUDGE


_____
JERRY L. SMITH, JUDGE

---

[2] The petitions relating to the 1975 and 1977 convictions would also be barred under the previous three year statute of limitations. See T.C.A. § 40-30-102 (1990) (repealed); Passarella v. State, 891 S.W.2d 619, 624 (Tenn. Crim. App.), perm. to app. denied, (Tenn. 1994). The petitioner's argument that the previous statute should not apply because he never sought an appeal is without merit. See Warren v. State, 833 S.W.2d 101, 102 (Tenn. Crim. App.), perm. to app. denied, (Tenn. 1992). Because the old three year statute of limitations had not expired on the effective date of the new act, the petitioner had until May 10, 1996, in which to file his petition attacking the 1992 conviction. See Compiler's Notes, T.C.A. § 40-30-210 (1997); Maney v. State, 03C01-9612-CR-00470 (Tenn. Crim. App., Oct. 10, 1997). This petition, however, was filed well beyond that date. Moreover, this Court has held that the application of the three year and one year statute of limitations does not violate the petitioner's constitutional right to due process. See Phillips v. State, 890 S.W.2d 37, 38 (Tenn. Crim. App.), perm. to app. denied, (Tenn. 1994); Holston v. State, No. 02C01-9609-CR-00298 (Tenn. Crim. App., July 28, 1997).