# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### FEBRUARY 1998 SESSION



**FILED**

**May 19, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **JESSIE WILLIAM WARD,** | ) | No. 03C01-9705-CC-00193 |
| Appellant, | ) | |
| | ) | Rhea County |
| vs. | ) | |
| | ) | Honorable J. Curtis Smith, Judge |
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| Appellee. | ) | (Post-Conviction) |


FOR THE APPELLANT:                    FOR THE APPELLEE:

PRO SE                                JOHN KNOX WALKUP
                                      Attorney General & Reporter

                                      TIMOTHY F. BEHAN
                                      Assistant Attorney General
                                      Cordell Hull Bldg., Second Floor
                                      425 Fifth Avenue, North
                                      Nashville, TN 37243-0493

                                      J. MICHAEL TAYLOR
                                      District Attorney General

                                      JAMES W. POPE, III
                                      Assistant District Attorney
                                      265 3rd. Avenue, Suite 300
                                      Dayton, TN 37321


OPINION FILED:_____


AFFIRMED PURSUANT TO RULE 20


WILLIAM B. ACREE, JR.
SPECIAL JUDGE

OPINION

The petitioner, Jessie William Ward, appeals as of right the trial court's dismissal of his petition for post-conviction relief.

The petitioner entered a plea of guilty to four misdemeanors in 1994. In 1995, the petitioner filed a petition for post-conviction relief in the General Sessions Court.[1] The petition was dismissed by the General Sessions Court and was appealed to this Court. By order dated August 28, 1996, this Court dismissed the appeal on jurisdictional grounds. See Ward v. State (No. 03C01-9601-CC-00015, Tenn.Crim.App., at Knoxville).

On September 13, 1996, the petitioner filed a petition for post-conviction relief in the Circuit Court of Rhea County. The trial court found that the petition was barred by the statute of limitations and dismissed it.

We affirm the decision of the trial court.

At the time the petitioner's convictions became final, the statute of limitations for post-conviction relief proceedings was three years. T.C.A. §40-30-102 (Repealed 1995). In 1995, the legislature reduced the statute of limitations to one year. T.C.A. §40-30-202 (a). The 1995 Post-Conviction Act became effective on May 10, 1995, and applies to all petitions filed after that date. When the new act took effect, the petitioner's right to file a petition for post-conviction relief had not expired. Consequently, the petitioner had one year from the effective date of the new act to file. See Carter v. State, 952 S.W.2d 417, 419 (Tenn. 1997). This petition was not filed within that year. Furthermore, the petitioner does not allege facts which would allow him to file under T.C.A. §40-30-202 (b).[2]

_____

[1]At the time of the convictions, the petitioner was on parole from the State of Ohio. His parole was revoked after the convictions, and he is currently incarcerated in Ohio. The petitioner believes that if these convictions can be set aside, then he will be released from prison in Ohio.

[2](b) No court shall have jurisdiction to consider a petition filed after such time unless: (1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. Such petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;
(2) The claim in the petition is based upon new scientific evidence establishing that such petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

The petition for post-conviction relief is barred by the statute of limitations, and the judgment of the trial court is affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals.

_____
WILLIAM B. ACREE, JR., SPECIAL JUDGE


CONCUR:


_____
JERRY L. SMITH, JUDGE


_____
THOMAS T. WOODALL, JUDGE

_____

(3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and such conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.