# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### JUNE SESSION, 1998

FILED

August 17, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

CARL ROWNTREE,       )
                      )   No. 03C01-9709-CR-00379
     Appellant        )
                      )   KNOX COUNTY
vs.                  )
                      )   Hon. RAY L. JENKINS, Judge
STATE OF TENNESSEE,   )
                      )   (Post-Conviction)
     Appellee        )

For the Appellant:

**Carl Towntree**, *Pro Se*
N.E.C.C. #225115
P. O. Box 5000
Mountain City, TN  37683-5000

For the Appellee:

**John Knox Walkup**
Attorney General and Reporter

**Ellen H. Pollack**
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

**Randall E. Nichols**
District Attorney General
City-County Building
Knoxville, TN  37902

OPINION FILED: _____

AFFIRMED

**David G. Hayes**
Judge

**O P I N I O N**

The appellant, Carl Rowntree, appeals the Knox County Criminal Court's denial of his petition for post-conviction relief. The post-conviction court summarily dismissed the petition finding the claims alleged were barred by the statute of limitations.

After review, we affirm.

In April 1993, the appellant pled guilty to second degree murder and aggravated robbery. Pursuant to these guilty pleas, the trial court imposed concurrent sentences of forty years incarceration for second degree murder and twenty years incarceration for aggravated robbery. On April 7, 1997, the appellant filed a *pro se* petition seeking post-conviction relief. The appellant's petition raised the claims of (1) involuntary guilty plea and (2) ineffective assistance of counsel. On April 17, 1997, the Knox County Criminal Court summarily dismissed the petition as being time-barred.

At the time the appellant's convictions became final, April 1993, the statute of limitations applicable to post-conviction proceedings was three years. Tenn. Code Ann. § 40-30-102 (repealed 1995). In 1995, the legislature reduced the statutory period for filing post-conviction petitions from three years to one year. Tenn. Code Ann. § 40-30-202(a) (1995 Supp.). As a result, the new Post-Conviction Procedure Act governs this petition and all petitions filed after May 10, 1995. Because the previous three-year statute of limitations had not expired at the time the new Act went into effect, his right to petition for post-conviction relief survived under the new Act. See Carter v. State, 952 S.W.2d 417, 420 (Tenn. 1997). Therefore, the appellant had until May 10, 1996, one year from the effective date of the new Act, to

2

file for post-conviction relief. Compiler's Notes, Tenn. Code Ann. § 40-30-201 (1996 Supp.); see also Daniels v. State, No. 03C01-9606-CC-00244 (Tenn. Crim. App. at Knoxville, Feb. 27, 1997), perm. to appeal denied (Tenn. Sept. 29, 1997). Instead, the appellant filed this petition almost 11 months after the statute had run. Moreover, the grounds raised in this petition and on appeal do not fall within any of the exceptions to the statute of limitations set out in Tenn. Code Ann. § 40-30-202(b)(1), (2), or (3). The statute of limitations on this petition has expired, requiring a dismissal of the appellant's petition for post-conviction relief.

Accordingly, the judgment of the trial court is affirmed.

_____
DAVID G. HAYES, Judge

CONCUR:

_____
JOHN H. PEAY, Judge

_____
JOSEPH M. TIPTON, Judge