## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

### AT JACKSON

### SEPTEMBER 1998 SESSION



**FILED**

**October 15, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **MARK GRIMES,** | ) | |
| | ) | C.C.A. No. 02C01-9801-CR-00003 |
| Appellant, | ) | |
| | ) | Shelby County |
| V. | ) | |
| | ) | Honorable W. Fred Axley, Judge |
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

FOR THE APPELLANT:

Mark Grimes
No. 138621
Route 1, Box 660
Tiptonville, TN 38079
(pro se, on appeal)

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Clinton J. Morgan
Counsel for the State
425 Fifth Avenue North
Nashville, TN 37243-0493

William L. Gibbons
District Attorney General

Rosemary Andrews
Assistant District Attorney General
Criminal Justice Complex, Suite 301
201 Poplar Avenue
Memphis, TN 38103

OPINION FILED:_____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

The appellant pled guilty to three counts of rape and judgment was entered on these pleas on July 14, 1993. The appellant was sentenced as a Range I standard offender to three consecutive terms of twelve years each for an effective sentence of thirty-six years. On September 9, 1997, the appellant filed his "Motion to Set Aside Guilty Pleas" claiming that he had pled guilty on the basis that he would be eligible for parole after serving thirty percent of his sentences. He states that he "recently became aware that he would have to serve his sentence at one hundred percent" pursuant to T.C.A. § 39-13-523(b), which requires multiple rapists to serve their entire sentences. Accordingly, he argues, he was "misled" into pleading guilty and would have gone to trial had he been properly informed about his parole eligibility (or lack thereof). The court below construed the motion as a claim for post-conviction relief and dismissed it as barred by the statute of limitations. We affirm.

We first note that our rules of criminal procedure do permit a defendant to move for the withdrawal of his or her guilty plea. Tenn. R. Crim. P. 32(f). However, after sentence has been imposed, such a motion may be granted only "to correct manifest injustice" and before the judgment becomes final. Id. The motion in this case was filed long after judgment became final; thus, this avenue of relief is not available to the appellant.

However, the court below had the discretion to treat the motion as a petition for post-conviction relief. See, e.g., Norton v. Everhart, 895 S.W.2d 317, 319 (Tenn. 1995) ("a trial court is not bound by the title of the pleading, but has the discretion to treat the pleading according to the relief sought.") Prior to May 10, 1995, the statute of limitations for post-conviction petitions was three years. T.C.A. § 40-30-102 (repealed 1995). On May 10, 1995, the limitations period was shortened to one year. T.C.A. § 40-30-202(a) and Compiler's Notes to § 40-30-201. Since the previous three

2

year statute of limitations had not expired as of May 10, 1995, the appellant's right to petition for post-conviction relief survived under the new Act. <u>Carter v. State</u>, 952 S.W.2d 417, 420 (Tenn. 1997). Thus, the appellant had one year from May 10, 1995, in which to file for post-conviction relief, or until May 1996. His pleading was not filed until September 1997. Therefore, the court below was correct in concluding that the appellant's claim for relief was time-barred.[1]

That the appellant became aware of his plight only "recently" does not rescue him. Because he filed his pleading after May 10, 1995, we must look to the new Post-conviction Act to determine under what circumstances a late-filed petition may be considered. <u>See</u> T.C.A. § 40-30-201, Compiler's Notes. The Act provides that

> No court shall have jurisdiction to consider a petition filed [late] unless: (1) The claim is . . . based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. . . . (2) The claim in the petition is based upon new scientific evidence establishing that such petitioner is actually innocent of the . . . offenses for which [he] was convicted; or (3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and such conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid[.]

T.C.A. § 40-30-202(b). The appellant's pleading fits into none of these categories. Accordingly, the statute of limitations had expired by the time he filed his "Motion."

The appellant's claim for relief being time-barred, the judgment below is affirmed.

_____
PAUL G. SUMMERS, Judge

_____

[1]However, we respectfully disagree with the court below that the applicable statute of limitations ran on July 14, 1994.

CONCUR:

_____
DAVID H. WELLES, Judge

_____
JOE G. RILEY, Judge