# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### SEPTEMBER SESSION, 1998

FILED

October 19, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| JESSIE LAFRANTZ JACKSON, | ) | C.C.A. NO. 01C01-9711-CR-00523 |
| | ) | |
| Appellant, | ) | |
| | ) | DAVIDSON COUNTY |
| V. | ) | |
| | ) | |
| | ) | HON. J. RANDALL WYATT, JR. |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (POST-CONVICTION) |

FOR THE APPELLANT:                    FOR THE APPELLEE:

**JESSIE LAFRANTZ JACKSON, *pro se***   **JOHN KNOX WALKUP**
Special Needs Facility                    Attorney General & Reporter
7575 Cockrill Bend
Industrial Road                    **LISA A. NAYLOR**
Nashville, TN 37243-0469                    Assistant Attorney General
                                   2nd Floor, Cordell Hull Building
                                   425 Fifth Avenue North
                                   Nashville, TN 37243

                                   **VICTOR S. JOHNSON, III**
                                   District Attorney General

                                   **NICK BAILEY**
                                   Assistant District Attorney General
                                   Washington Square
                                   222 Second Avenue North, Suite 500
                                   Nashville, TN 37201-1649

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Petitioner, Jessie LaFrantz Jackson, appeals the order of the Davidson County Criminal Court dismissing his *pro se* petition for post-conviction relief. In this appeal, Petitioner raises the following three issues: (1) whether the State obtained the first degree murder conviction through the perjured testimony of the key eyewitness; (2) whether the State failed to produce certain exculpatory information; and (3) whether his post-conviction counsel was ineffective for failing to offer impeachment and exculpatory evidence at the first post-conviction hearing. We affirm the trial court's denial of post-conviction relief.

On March 16, 1987, Petitioner was convicted of first degree murder and sentenced to life imprisonment. On August 25, 1987, Petitioner filed a notice of appeal, but the appeal was dismissed in May of 1988 at the request of Petitioner and his counsel. On March 29, 1989, Petitioner filed his first petition for post-conviction relief, claiming ineffective assistance of counsel. The evidentiary hearing on the petition was held on various dates beginning in July 1990. The trial court denied relief on July 28, 1994. On December 19, 1995, this Court affirmed the dismissal. On June 10, 1996, our supreme court denied Petitioner's application for permission to appeal. On March 31, 1997, Petitioner filed a second petition seeking post-conviction relief. On May 28, 1997, the trial court summarily dismissed the petition from which Petitioner now appeals.

We will not address Petitioner's issues on the merits as we conclude that his petition for post-conviction relief is time-barred by the statute of limitations. At the time Petitioner's convictions became final, the statute of limitations applicable to post-conviction proceedings was three years. Tenn. Code Ann. § 40-30-102 (repealed 1995). His conviction became final in May 1988 when he withdrew his direct appeal for the murder conviction. He therefore needed to file his petition by May 1991 in order to toll the running of the statute. However, Petitioner did not file this petition for post-conviction relief until March 31, 1997, thus barring any claims he might have had.

The new 1995 Post-Conviction Act governs this petition and all petitions filed after May 10, 1995. Petitioner's petition is not revived by the new Post-Conviction Procedure Act. See Tenn. Code Ann. § 40-30-201 et seq. Petitioners "for whom the statute of limitations expired prior to the effective date of the new Act, i.e., May 10, 1995, do not have an additional year in which to file petitions for post-conviction relief." Carter v. State, 952 S.W.2d 417, 418 (Tenn. 1997). Also, Petitioner's claims do not fall into any of the three recognized exceptions to the new Act in which a trial court can have jurisdiction to consider a petition filed outside the statute of limitations. See Tenn. Code Ann. § 40-30-202(b). Furthermore, pursuant to Tenn. Code Ann. § 40-30-202(c), a Petitioner may only file one post-conviction petition attacking a single judgment. However, a petitioner may file a motion in the trial court to reopen a previously filed post-conviction petition in four limited circumstances. See Tenn. Code Ann. § 40-30-217(a). After a careful review of the record, we find

that Petitioner's allegations in the case <u>sub judice</u>, even if true, would not support the applicability of any of those circumstances. <u>See</u> Tenn. Code Ann. § 40-30-217(a).

Based on the foregoing, we conclude that the trial court's summary dismissal of the petition was appropriate. Tenn. Code Ann. § 40-30-206(b).

_____
THOMAS T. WOODALL, Judge

CONCUR:

_____
GARY R. WADE, Presiding Judge

_____
J. CURWOOD WITT, JR., Judge