## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

### AT KNOXVILLE

**FILED**

**February 19, 1999**

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **DAVID ALLEN THURMAN**, | * | **C.C.A. NO. 03C01-9809-CR-00312** |
| Appellant, | * | **Hamilton County** |
| **VS.** | * | **HON. DOUGLAS A. MEYER** |
| **STATE OF TENNESSEE**, | * | **AFFIRMED - RULE 20** |
| Appellee. | * | |

### ORDER

This matter is before the Court on the State's motion requesting that the judgment in the above-styled case be affirmed pursuant to Ct. of Crim. App. Rule 20. The petitioner appeals the trial court's denial of post-conviction relief. On April 2, 1981, the petitioner pled guilty to burglary, grand larceny, and felonious assault. He received an effective sentence of five (5) years. On July 21, 1981, petitioner pled guilty to forgery and receiving stolen property. The trial court ordered that his sentences in these cases run concurrently with the previous sentences. On January 23, 1996, the petitioner filed a petition for post-conviction relief. The post-conviction court initially held the case in abeyance until the Tennessee Supreme Court issued an opinion in Carter v. State, 952 S.W.2d 417 (Tenn. 1997). Thereafter, on February 11, 1998, the post-conviction court dismissed the petition as being barred by the statute of limitations. On March 9, 1998, the petitioner appealed the post-conviction court's judgment. The petitioner contends that Tenn. Code Ann. § 40-30-201 provided a one year window of opportunity, expiring on May 10, 1996, in which he could file a petition for post-conviction relief. We conclude that this is an appropriate case for affirmance pursuant to Rule 20.

Following the legislature's enactment of the Post-Conviction Procedure

Act of 1995, a petitioner may file a petition for post-conviction relief within one (1) year of the date of the final action of the highest state court to which an appeal is taken. Tenn. Code Ann. § 40-30-202. In this case, it appears from the record before this court that the petitioner's convictions became final in 1981. In Carter, the Tennessee Supreme Court held that under the previous act "any petitioner whose judgment became final on or before July 1, 1986, had until July 1, 1989, to file a petition for post-conviction relief." 952 S.W.2d at 418. Furthermore, regarding the enabling provision of the new act, the Court held that "petitioners for whom the statute of limitations expired prior to the effective date of the new Act, i.e., May 10, 1995, do not have an additional year in which to file petitions for post conviction relief." Id. at 418. The Court explained that Tenn. Code Ann. § 40-30-202 was "not intended to revive claims that were barred by the previous statute of limitations." Id. at 420.

The petitioner filed his petition for post-conviction relief fifteen years after the last judgment against him. Therefore, the petition is barred by the one (1) year statute of limitations. Furthermore, the petitioner has not alleged that any of the exceptions to the statute of limitations set forth in Tenn. Code Ann. § 40-30-202(b) are applicable to his case.

Accordingly, pursuant to Rule 20 of the Tennessee Court of Criminal Appeals, we affirm the judgment of the trial court.

Costs are taxed to the State as the appellant is indigent.

All of which is so ORDERED.

_____

Norma McGee Ogle, Judge

CONCUR:

_____

Gary R. Wade, Presiding Judge

_____

Joseph M. Tipton, Judge