# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### August 2000 Session at Jackson

## THOMAS J. WILLIAMS v. STATE OF TENNESSEE
### Direct Appeal from the Circuit Court for Hickman County
### No. 00-5002C-II, Timothy L. Easter, Judge

---

### No. M2000-00506-CCA-R3-PC - Filed September 22, 2000

---

Thomas J. Williams appeals from the Hickman County Circuit Court's denial of his *pro se* petition for post-conviction relief. After review, we find the trial court's summary dismissal proper because the petition (1) is time barred; (2) fails to state a colorable claim; and (3) raises claims which are waived as they were not raised in previous petitions. Accordingly, we affirm the trial court's denial of the petition.

### Tenn. R. App. P. 3; Judgment of the Circuit Court is affirmed.

DAVID G. HAYES, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., J. and JOHN EVERETT WILLIAMS, J., joined.

Thomas J. Williams, Nashville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter, Michael Moore, Solicitor General, Marvin E. Clements, Jr., Assistant Attorney General, for the appellee, State of Tennessee.

### OPINION

The appellant, Thomas J. Williams, proceeding *pro se*, appeals the summary dismissal of his petition for post-conviction relief. The petition was dismissed by the trial court upon grounds that it was time-barred. The appellant, arguing that the crimes for which he was convicted occurred in Davidson County and not in Hickman County, avers that his petition is not subject to the statute of limitations.

After review of the appellant's petition, we affirm the trial court's denial of post-conviction relief..

As alleged in the appellant's petition for post-conviction relief, the appellant entered guilty pleas on July 13, 1987, for the offenses of assault with intent to murder with bodily injury,

aggravated kidnapping, and armed robbery. These convictions resulted in an effective sentence of life imprisonment. No direct appeal was taken.

The appellant is presently incarcerated at the Lois DeBerry Special Needs Facility in Nashville. On January 5, 2000, the appellant filed the instant *pro se* petition for post-conviction relief alleging that the trial "court lacked jurisdiction to deal with this matter in any form, jurisdiction can be raised in any court at any time." Specifically, the petition alleges:

> The Hickman County grand jury could not indict and bound [sic] the petitioner over to the Hickman County Circuit Court for any robbery, attempted murder, and or kidnapping that had occurred in Davidson County, Tennessee. Petitioner was not legally indicted in Davidson County, to have a change of venue made to Hickman County, Tennessee, therefore petitioner never being legally indicted in the county where his offense had occurred, then no rights of the accused in a criminal prosecution was ever afforded the petitioner, because he was never indicted, therefore Hickman County, lacked jurisdiction of the person and subject matter in its Circuit Court, and petitioner's sentence is completely void.

On February 17, 2000, the trial court dismissed the petition as being time-barred. In its order, the trial court correctly noted that this is the appellant's third petition for post-conviction relief. See, e.g., Thomas Jeffrey Williams v. State, No. 01C01-9406-CC-00209 (Tenn. Crim. App. at Nashville, Jan. 12, 1995), perm. to appeal denied, (Tenn. Sept. 25, 1995) (challenging voluntariness of guilty plea and constitutionality of range II sentence); Thomas Jeffrey Williams v. State, No. 89-107-III (Tenn. Crim. App. at Nashville, Apr. 18, 1990), perm. to appeal denied, (Tenn. Sept. 24, 1990) (challenging voluntariness of guilty plea). In summarily dismissing the petition, the court found:

> The Petitioner's attack on his convictions in this case have been previously waived because the grounds stated in the current petition were not included in his first or second petition for post-conviction relief.
>
> [and]
>
> Pursuant to Tennessee Code Annotated § 40-30-202, the Petition is time barred by a one year statute of limitation. The subject petition was filed in the Hickman County Circuit Court on January 5, 2000. . . .[1]

---

[1]The trial court noted that "the petitioner's most recent petition for post-conviction relief was denied by the trial court after a hearing, and that judgment was affirmed by the trial court after a hearing, and that judgment was affirmed by the Court of Criminal Appeals on January 12, 1995. Therefore, the petitioner must have filed for relief, if at all, within one year of the date of the final action of the highest state appellate court to which an appeal was taken. That date would have been January 12, 1996. .. ." Although the court correctly recited the pertinent law, the court's interpretation of the

(continued...)

The appellant's convictions became final on August 13, 1987. Under the statute of limitation in effect at the time, the appellant had until August 13, 1990, in which to file a petition for post-conviction relief.[2] See generally Tenn. Code Ann. § 40-30-102 (*repealed* 1995). In the case *sub judice*, the petition was filed on January 5, 2000, well outside the applicable limitations period. Cf. Carter v. State, 952 S.W.2d 417, 418 (Tenn. 1997) (the 1995 Post-Conviction Act does not extend the limitations period for those petitioners for whom the statute of limitations expired prior to the effective date of the new Act, *i.e.*, May 10, 1995). Moreover, the appellant has failed to assert any claim that would exempt him from the statute of limitations. See Tenn. Code Ann. § 40-30-202 (1997).

In addition to finding the petition time-barred, the appellant has failed to show why the claim for relief was not previously presented in any earlier proceeding. See Tenn. Code Ann. § 40-30-204(e); Tenn. Sup. Ct. R. 28 §5(e), (f). Where a post-conviction petition has been filed and resolved on its merits by a court of competent jurisdiction, any subsequent petition is to be dismissed summarily. Tenn. Code Ann. § 40-30-202(c).

For the above stated reasons, we affirm the trial court's summary dismissal of the appellant's third petition for post-conviction relief.

_____
DAVID G. HAYES, JUDGE

---

[1] (...continued) law is incorrect. A petitioner has "one year of the date of the final action of the highest state appellate court to which [a direct] appeal is taken or; if no appeal is taken, within one (1) year of the date on which the judgment became final." See Tenn. Code Ann. § 40-30-202(a)(1997).

[2] The appellant did so, his first petition was filed February 9, 1989, and his second petition was filed July 13, 1990.