IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 9, 2003

## ANTONIO BONDS v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-26982      Arthur T. Bennett, Judge**

———————————————

**No. W2003-00260-CCA-R3-PC  - Filed November 14, 2003**

———————————————

The petitioner, Antonio Bonds, appeals the dismissal of his petition for post-conviction relief based upon its filing beyond the statute of limitations.  He argues his petition was timely filed.  We hold that for purposes of the  post-conviction relief statute of limitations, the final action of the Tennessee Supreme Court is the date of its denial of an application for permission to appeal, not the date it denied the petition to rehear.  Because the instant petition was filed more than one year from the date of denial of the application for permission to appeal, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which JERRY L. SMITH, J., joined.  GARY R. WADE, P.J., filed a dissenting opinion.

Antonio Bonds, Henning, Tennessee, *Pro Se.*

Paul G. Summers, Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; and William L. Gibbons, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

A Shelby County jury convicted the petitioner of first degree murder, and he was sentenced to life imprisonment.  This court affirmed his conviction.  State v. Antonio Bonds, No. W2000-01242-CCA-R3-CD, 2001 Tenn. Crim. App. LEXIS 610 (Tenn. Crim. App. Aug. 13, 2001, at Jackson).  On December 27, 2001, the Tennessee Supreme Court denied his application for permission to appeal.  The petitioner filed a petition to rehear, which the state supreme court denied on February 11, 2002.  The mandate was issued February 12, 2002.

On January 10, 2003, the petitioner filed his petition for post-conviction relief alleging, *inter alia*, ineffective assistance of counsel.  The post-conviction court dismissed the petition as untimely since it was not filed within one year after the state supreme court's original denial of his application for permission to appeal.  The petitioner maintains his petition was submitted within the statute of

limitations since it was filed less than one year after the supreme court's denial of his petition to rehear.

For purposes of this case, a petition for post-conviction relief must be filed within one year of "the final action of the highest state appellate court to which an appeal is taken." Tenn. Code Ann. § 40-30-102(a) (2003). The issue raised in this appeal is whether the February 11, 2002, order denying the petition to rehear the denial of the application for permission to appeal was the "final action" of the Tennessee Supreme Court, or whether that court's "final action" occurred on December 27, 2001, when it first denied the petitioner's application for permission to appeal. The state contends the petition to rehear did not toll the statute of limitations, which began to run on December 27, 2001. We agree with the state.

In addition to fixing a one-year statute of limitations for the filing of a post-conviction petition, Tennessee Code Annotated section 40-30-102(a) (2003) contains a statement of legislative policy with respect to post-conviction proceedings. The statute provides:

> The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity. Time is of the essence of the right to file a petition for post-conviction relief or a motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise.

Tenn. Code Ann. § 40-30-102(a) (2003).

Thus, it is apparent that the legislature intended to definitively restrict, rather than expand, the time frame within which post-conviction proceedings must be initiated. The courts should interpret this statute in a way that furthers that policy rather than undermines it. *See* Carter v. State, 952 S.W.2d 417, 420 (Tenn. 1997) (holding petitioners for whom statute of limitations had expired under the old Act did not have additional time to file under the new Act). Of course, in order to determine when the one-year statue of limitations begins to run, one must determine when the judgment of the highest state court to which an appeal is taken becomes final. We address this issue in light of the above-stated legislative policy.

This court has held that for purposes of the one-year statute of limitations in post-conviction cases, the final action of the Tennessee Supreme Court is generally either the date that court denies an application for permission to appeal or the date it files an opinion on the merits of the case. Sidney McGlowan v. State, No. W2000-01925-CCA-R3-PC, 2001 Tenn. Crim. App. LEXIS 935, at *9 (Tenn. Crim. App. Nov. 29, 2001, at Jackson). Certainly, a criminal defendant should not be able to extend the intended statute of limitations in which to file a post-conviction petition by timely filing a frivolous petition to rehear our supreme court's denial of application for permission to appeal. This would be contrary to the expressed legislative intent of Tennessee Code Annotated section 40-30-102(a) (2003).

Perhaps more importantly, the language of Tennessee Rule of Appellate Procedure 39(a) governing rehearing provides no substantial justification for filing a petition to rehear the denial of an application for permission to appeal. The listed bases for relief on a petition to rehear all relate to the court's "opinion." Tenn. R. App. P. 39(a). An order denying application for permission to appeal is not an opinion. We do note the Advisory Commission Comment to the rule states the "Supreme Court generally disfavors petitions to rehear following denials of applications for permission to appeal." However, we do not interpret this comment as specifically authorizing such petitions, especially as it would relate to the finality of its denial of the application for permission to appeal. *See* <u>Laura Coffey, et al v. Cherokee Aviation, Inc.</u>, No. E1999-01037-COA-R3-CV, 2000 Tenn. App. LEXIS 467, at **11-12 (Tenn. Ct. App. July 19, 2000, at Knoxville) (noting Advisory Commission Comments are persuasive authority but may not alter the clear text of the rule), *perm. to app. denied* (Tenn 2001).

Tennessee Rule of Appellate Procedure 38 governs entry of the appellate court's *judgment* following receipt of the court's *opinion*. Immediately following is Rule 39 dealing with rehearings. Rule 39 speaks in terms of petitioning to rehear the appeal based on inconsistencies and/or errors found in the appellate court's *opinion*.

Further, Tennessee Rule of Appellate Procedure 42(b) provides that the mandate of the intermediate appellate court is to issue "immediately" upon the denial of an application for permission to appeal by the Tennessee Supreme Court. Thus, upon denial of a discretionary appeal, the trial court is immediately given direction to comply with the judgment of the intermediate appellate court. In addition, the rule contains no provision authorizing a stay of the mandate upon the filing of an "order of the Supreme Court denying the application for permission to appeal." Tenn. R. App. P. 42(b).

We do note that the Tennessee Supreme Court did issue an order in this case, which simply stated the petition to rehear was denied, and the mandate was issued thereafter. Nevertheless, we place no significance upon these facts as it would relate to the finality of its action in denying the application for permission to appeal. The final action of the Tennessee Supreme Court, for purposes of triggering the statute of limitations, was the date it denied the application for permission to appeal.

We, therefore, conclude the post-conviction petition was untimely. The judgment of the post-conviction court is affirmed.

_____
JOE G. RILEY, JUDGE