IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

NOVEMBER 1999 SESSION

**FILED**

January 5, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

JEFF H. KING, SR.,            )
                             )      C.C.A. No. 03C01-9907-CC-00278
        Appellant,           )
                             )      Sevier County
vs.                          )
                             )      Honorable Rex Henry Ogle, Judge
STATE OF TENNESSEE,          )
                             )      (Habeas Corpus)
        Appellee.            )


For Appellant:

Edward C. Miller
Public Defender
P. O. Box 416
Dandridge, TN  37725

For Appellee:

Paul G. Summers
Attorney General & Reporter

Elizabeth B. Marney
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN  37243-0493

Al Schmutzer, Jr.
District Attorney General
125 Court Avenue
Sevierville, TN  37862


OPINION FILED: _____


AFFIRMED


ALAN E. GLENN, JUDGE

# O P I N I O N

Petitioner, Jeff H. King, Sr., filed a "Petition for Writ of Habeas Corpus" on April 7, 1997, alleging his eight unspecified convictions in the Sevier County Circuit Court should be set aside because his guilty pleas were invalid. The trial court held that the pleading should be treated as a petition for post-conviction relief because it did not allege that the convictions were void or the sentences had expired. Because the petitioner's last conviction was entered on August 2, 1993, the trial court dismissed the petition as time barred by the one-year statute of limitations. The petitioner appealed, arguing this court's decision in Arnold Carter v. State, No. 03C01-9509-CC-00270, 1996 WL 389243 (Tenn. Crim. App., Knoxville, July 11, 1996), rev'd, 952 S.W.2d 417 (Tenn. 1997), provides an additional one-year window for the filing of a petition for post-conviction relief. Based on our review of this matter, we affirm the decision of the trial court.

In Carter v. State, 952 S.W.2d 417 (Tenn. 1997), the defendant challenged his 1972 murder conviction with a petition for post-conviction relief filed on July 24, 1995. The trial court dismissed the defendant's petition because it was well outside the statute of limitations. This court reversed the decision of the trial court in Arnold Carter v. State, No. 03C01-9509-CC-00270, 1996 WL 389243 (Tenn. Crim. App., Knoxville, July 11, 1996), where we held the Post-Conviction Procedure Act of 1995 provided additional time to file for those petitioners for whom the statue of limitations had expired under the old act. On the State's appeal, the Tennessee Supreme Court reversed this court's decision and held the Post-Conviction Procedure Act of 1995 does not provide petitioners for whom the statute of limitations had expired under the old Post-Conviction Procedure Act of 1967 additional time in which to file petitions for post-conviction relief. Carter, 952 S.W.2d at 418.

In the case *sub judice*, the petitioner cites only this court's original decision in Carter v. State in support of his argument that his petition is not time barred. As the State correctly points out, this decision was reversed by the Tennessee Supreme Court and has no value as supporting authority for the petitioner's position.

2

The petitioner pleaded guilty to eight unspecified offenses in the Sevier County Circuit Court in December 1985, April 1988, January 1993, and August 1993. The present petition was not filed until April 1997, well beyond the applicable statue of limitation for all eight convictions. Accordingly, the trial court properly dismissed the petition. Further, the trial court correctly concluded that the matter could not be considered as a petition for writ of habeas corpus because it did not allege that the petitioner's sentences had expired or that the convictions were void.

Based upon our review of this matter, we affirm the decision of the trial court.

_____
ALAN E. GLENN, JUDGE

CONCUR:

_____
DAVID G. HAYES, JUDGE

_____
JOE H. WALKER, III, SPECIAL JUDGE