# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### FEBRUARY SESSION, 1999

FILED

May 5, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

HOWARD GLENN HUMPHREY,      )   C.C.A. NO. 03C01-9807-CR-00231
                            )
    Appellant,          )
                            )   HAMILTON COUNTY
V.                          )
                            )
                            )   HON. DOUGLAS A. MEYER, JUDGE
STATE OF TENNESSEE,         )
                            )
    Appellee.           )   (POST-CONVICTION)


FOR THE APPELLANT:                  FOR THE APPELLEE:

LEROY PHILLIPS, JR.                 JOHN KNOX WALKUP
PHILLIPS & CAPUTO                   Attorney General & Reporter
312 Vine Street
Chattanooga, TN  37403              R. STEPHEN JOBE
                                    Assistant Attorney General
                                    2nd Floor, Cordell Hull Building
                                    425 Fifth Avenue North
                                    Nashville, TN  37243

                                    WILLIAM H. COX, III
                                    District Attorney General

                                    BATES W. BRYAN, JR.
                                    Assistant District Attorney General
                                    600 Market Street, Suite 310
                                    Chattanooga, TN  37402


OPINION FILED _____

REVERSED AND REMANDED

THOMAS T. WOODALL, JUDGE

# OPINION

The Petitioner, Howard Glenn Humphrey, appeals as of right the trial court's dismissal of his petition for post-conviction relief. After a careful review of the record, we reverse and remand to the trial court for an evidentiary hearing on the grounds raised in the petition and all amendment thereto.

Petitioner was convicted in 1988 of first degree murder and assault with intent to commit first degree murder. See State v. Howard Glenn Humphrey, C.C.A. No. 1111, Hamilton County (Tenn. Crim. App., Knoxville, Dec. 28, 1989), perm. to appeal denied (Tenn. 1990). He was sentenced to life imprisonment plus five years enhancement due to use of a firearm for first degree murder, and to a concurrent twelve year sentence for assault with intent to commit first degree murder. Id. His convictions were affirmed on direct appeal to this Court, and the Tennessee Supreme Court denied permission to appeal on April 2, 1990. Id.

Petitioner filed a pro se petition for post-conviction relief on April 30, 1992. On August 4, 1992, he filed a pro se amendment to the petition, adding an additional ground for relief based on a supreme court case decided shortly after his original petition was filed. The State filed an answer to the petition on September 2, 1992, and a supplemental answer on March 17, 1994. With the assistance of counsel, Petitioner filed an amended petition on February 21, 1995, merely setting forth additional facts supporting the previous claim of ineffective assistance of counsel. The State subsequently filed an answer to the amended petition. The trial court reset several evidentiary hearing dates for various reasons from December 1995 through February 1997. On February 27, 1997, the trial court entered an order

holding all proceedings in the instant case in abeyance until July 17, 1997, pending resolution in the supreme court of Carter v. State, 952 S.W.2d 417 (Tenn. 1997). On October 27, 1997, the trial judge dismissed the petition without conducting an evidentiary hearing based on its finding that the petition was time barred under the principles announced in Carter. Petitioner filed a timely notice of appeal. In this appeal, Petitioner argues, and the State concedes, that the trial court erred in dismissing his petition for post-conviction relief without conducting an evidentiary hearing.

A panel of this Court affirmed Petitioner's convictions and the supreme court denied permission to appeal on April 2, 1990. See Humphrey, C.C.A. No. 1111, slip op. at 1. Under the Post-Conviction Act in effect at that time, Petitioner had three years from the date of the final action of the highest state appellate court in which to file for post-conviction relief. Tenn. Code Ann. § 40-30-102 (repealed 1995). Petitioner filed his pro se petition for post-conviction relief on April 30, 1992, well within the three year limitations period. Petitioner did make two additional filings, both of which were amendments to his original petition. He first filed a pro se amendment setting forth an additional ground for relief based on a decision of the supreme court released shortly after the filing of the original petition. After counsel was appointed to assist Petitioner, he filed a second amended petition which set forth no new grounds, but did outline additional facts supporting the claim of ineffective assistance of counsel as alleged in the original petition.

In its order of dismissal, the trial court concluded that the petition was time barred under the principles announced in Carter. 952 S.W.2d 417. It is abundantly clear from the record, however, that the original petition for post-conviction relief was

-3-

timely filed. The additional filings were amendments to the original petition which was timely filed. See, e.g., Terry D. Barber v. State, C.C.A. No. 02-C-01-9508-CC-00210, Lake County (Tenn. Crim. App., Jackson, June 28, 1996), perm. to appeal denied (Tenn. 1996).

Based on the foregoing, we find that the trial court erred in summarily dismissing Petitioner's petition for post-conviction relief without conducting an evidentiary hearing. Therefore, we remand this case to the trial court for an evidentiary hearing.

_____
THOMAS T. WOODALL, Judge

CONCUR:

_____
JERRY L. SMITH, Judge

_____
L. T. LAFFERTY, Senior Judge