IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

MAY 1999 SESSION

FILED

September 28, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| ALFONZO PECK, | ) | |
| | ) | C.C.A. No. 03C01-9809-CR-00329 |
| Appellant, | ) | |
| | ) | Hamilton County |
| v. | ) | |
| | ) | Honorable Douglas A. Meyer, Judge |
| STATE OF TENNESSEE, | ) | |
| | ) | (Post-Conviction) |
| Appellee. | ) | |

FOR THE APPELLANT:

ARDENA J. GARTH
District Public Defender

DONNA ROBINSON MILLER
Assistant District Public Defender
701 Cherry Street, Suite 300
Chattanooga, TN 37402

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General & Reporter

MARVIN S. BLAIR, JR.
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

WILLIAM COX
District Attorney General
600 Market Street, Suite 300
Chattanooga, TN 37402

OPINION FILED: _____

AFFIRMED

ALAN E. GLENN, JUDGE

## OPINION

The petitioner, Alfonzo Peck, has appealed the order of the trial court denying his motion to reopen a petition for post-conviction relief based on the claim that his 1983 indictment for aggravated rape was constitutionally defective because it did not sufficiently allege a mens rea. We affirm the trial court's denial of his petition.

## PROCEDURAL BACKGROUND

On March 31, 1983, the petitioner was found guilty by a jury of aggravated rape, and all subsequent appeals were denied. On April 18, 1985, he filed a petition for post-conviction relief, which was finally denied on February 9, 1987. On October 18, 1996, petitioner filed a Motion to Reopen Petition for Post-Conviction Relief. That motion was denied on January 9, 1998. Notice of appeal was filed, along with notice that no transcript would be filed because the trial court had dismissed petitioner's motion as time-barred without an evidentiary hearing.[1]

## ANALYSIS

### I. Standard of Review

The law controlling petitions for post-conviction relief is set out in the 1995 Post-Conviction Procedure Act.[2] The Act sets out the procedure for filing a motion to reopen a post-conviction relief petition in § 40-30-217. The standard of review of denial of a motion to reopen is the following:

> If the motion is denied, the petitioner shall have ten (10) days to file an application in the court of criminal appeals seeking permission to appeal. The application shall be accompanied by copies of all the documents filed by both parties in the trial court and the order denying the motion. The state shall have ten (10) days to respond. The court of criminal appeals shall not grant the application unless it appears that the trial court abused its discretion in denying the motion. If it determines that the trial court did so abuse its discretion, the court of criminal appeals shall remand the matter to the trial court for

---

[1] It is unclear from the record that this was the basis for the court's dismissal of petitioner's motion to reopen. However, based upon the analysis contained in this opinion, the motion was, in fact, time-barred, and the trial court would have erred had it granted the motion to reopen.

[2] Id. §§ 40-30-201 to -310. This new law went into effect on May 10, 1995. See id., Compiler's Notes.

further proceedings.

Tenn. Code Ann. § 40-30-217(c)(1997). Our Supreme Court has determined that, "[g]enerally stated, the abuse of discretion standard does not authorize an appellate court to merely substitute its judgment for that of the trial court. Thus, in cases where the evidence supports the trial court's decision, no abuse of discretion is found." Myint v. Allstate Ins. Co., 970 S.W.2d 920 (Tenn. 1998). Therefore, we review the record in light of this abuse of discretion standard and ask, first, whether the record supports a finding that petitioner's motion to reopen was time-barred and, second, whether any exceptions applied to save petitioner's motion.

## II. Application of Statute of Limitations

Between the date of the filing of petitioner's initial petition for post-conviction relief on April 18, 1985, and its final denial on appeal on February 9, 1987, the law in Tennessee regarding post-conviction relief procedure changed. At the time of defendant's initial filing for post-conviction relief, the 1967 Post-Conviction Procedure Act was the controlling statutory law. Under that Act, there was no statute of limitations for collateral challenge to criminal convictions on the basis of constitutional error. However, the legislature subsequently amended the 1967 Act and adopted a three-year statute of limitations that became effective on July 1, 1986.[3] The petitioner's April 18, 1985, petition was already moving through the appeals process. When that petition was finally denied on February 9, 1987, petitioner had three years under the 1986 Act in which to file additional petitions.[4] He did not do so, and further petitions became time-barred on February 9, 1990.

---

[3]The relevant section stated:

> When prisoners may petition for post-conviction relief.—A prisoner in custody under sentence of a court of this state must petition for post-conviction relief under this chapter within three (3) years of the date of the final action of the highest state appellate court to which an appeal is taken or consideration of such petition shall be barred.

Tenn. Code Ann. § 40-30-102 (repealed 1995).

[4]By contrast, the new law, the 1995 Post-Conviction Procedure Act, clearly provides for only one petition for post-conviction relief attacking a single judgment. See Tenn. Code Ann. § 40-30-202(c) (1997).

On October 18, 1996, petitioner filed a motion to reopen his petition for post-conviction relief. At that point in time, petitioner became subject to the current statutory procedure as set out in the 1995 Post-Conviction Procedure Act. Under that Act, a motion to reopen, like an initial petition for post-conviction relief, must be filed "within one (1) year of the date of final action of the highest state appellate court to which an appeal is taken."[5] Because there existed at the time of the 1995 Act, a "potential class of petitioners for whom the new one-year limitations period had expired but the three-year limitations period under the old law had not[,]" the language of the enabling provision provided these petitioners with a grace period ending on May 10, 1996. Carter v. State, 952 S.W.2d 417, 420 (Tenn. 1997). Our Supreme Court has determined that this grace period, in spite of some ambiguity of language, applies only to that class of petitioners whose claims were still viable under the 1986 Act. Id. at 418. The petitioner is not in this protected class; his petition for post-conviction relief under the 1986 Act ceased to be viable on February 9, 1990—three years from the date of final action of the highest state appellate court to which petitioner appealed, that final action having been taken on February 9, 1987. Ample evidence supported the trial court's finding that petitioner's motion to reopen, filed on October 18, 1996, was time-barred.

---

[5]The purpose of the legislature in setting the limitations period at one year is clear:

**When prisoners may petition for post-conviction relief**.—
(a) Except as provided in subsections (b) and (c), a person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred. The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity. Time is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitation period is an element of the right to file such an action and is a condition upon its exercise. Except as specifically provided in subsections (b) and (c) , the right to file a petition for post-conviction relief or a motion to reopen under this chapter shall be extinguished upon the expiration of the limitations period.

Tenn. Code Ann. § 40-30-202 (a).

### III. Statutory Exceptions

The 1995 Post-Conviction Procedure Act recognized that some claims may not come into being until after the one-year statute of limitations has already run. Therefore, the legislature adopted a highly limited set of circumstances under which a court has jurisdiction to consider a petition or motion that is otherwise time-barred. These three requirements duplicate the first three requirements that apply to all motions to reopen. See Tenn. Code Ann. § 40-30-217(a) (1997). No court has jurisdiction to consider a petition filed outside the one-year statute of limitations unless the petition meets one of three statutory exceptions:

> (1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. Such petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States [S]upreme [C]ourt establishing a constitutional right that was not recognized as existing at the time of trial;
>
> (2) The claim in the petition is based upon new scientific evidence establishing that such petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or
>
> (3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and such conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

Tenn. Code Ann. § 40-30-202(b)(1)-(3).

Petitioner does not suggest that he meets either the second or third exception. That leaves only the possibility of his meeting the first exception: that a final ruling of an appellate court has established a constitutional right, applicable to his claim, that was not recognized as existing at the time of his trial and that it is to be applied retrospectively. Petitioner argues that the language of his 1983 indictment was constitutionally defective because it did state a mens rea. However, no indictment is included with defendant's motion to reopen. This Court has stated that, "[w]hen the record is incomplete, and does not contain the proceedings and documents relevant to an issue, this court is precluded

5

from considering the issue." State v. Bennett, 798 S.W.2d 783,789 (Tenn. Crim. App. 1990), cert. denied, 500 U.S. 915 (1991). See also State v. Banes, 874 S.W.2d 73 (Tenn. Crim. App. 1993) ("It is the appellant's obligation to have prepared an adequate record in order to allow meaningful review on appeal"). Petitioner's recollection of the wording of his 1983 indictment is insufficient to preserve that issue on appeal.[6] This defect is fatal to his petition, and, therefore, the trial court did not abuse its discretion in finding no statutory exception to save petitioner's motion to reopen.

## CONCLUSION

There was ample evidence to support the trial court's determination that the motion to reopen was time-barred. The applicable statutory language is clear. Further, the defendant waived any consideration of his indictment by failing to provide an adequate record on appeal that included the indictment itself and by failing to cite any final decision by an appellate court establishing a constitutional right that was not recognized as existing at the time of his trial and on which he bases his claim.

We also note that we cannot treat this petition as a petition for writ of habeas corpus because it was filed in Hamilton County, where the petitioner's criminal trial was held, rather than in Johnson County, where he is incarcerated. See Tenn. Code Ann. § 29-21-105 (1980). Additionally, the writ of habeas corpus "will issue only in the case of a void judgment or to free a prisoner held in custody after his term of imprisonment has expired." Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). It is through the post-conviction relief process, that a prisoner is provided a means for challenging "convictions that are alleged to be either void or voidable because of the abridgement of constitutional rights." Id.

For the above stated reasons, we affirm the ruling of the trial court denying motion

---

[6]In State v. Melson, 683 S.W.2d 342, 351 (Tenn. 1982), cert. denied, 459 U.S. 1137 (1983), our Supreme Court found that a photocopy of a search warrant attached to a memorandum to a motion to suppress evidence with no other reference to or incorporation of the warrant did not preserve it for appellate review. In addition, Tennessee Rule of Appellate Procedure 27(a)(7) requires that the brief of the appellant make appropriate reference to the record; and Rule 10(b) of the Rules of the Court of Criminal Appeals provides that issues which are not supported by appropriate references to the record are treated as waived. The petitioner's failure to provide a copy of the indictment is violative of these rules as well.

6

to reopen petition for post-conviction relief.


_____
ALAN E. GLENN, JUDGE


CONCUR:


_____
JAMES CURWOOD WITT, JR., JUDGE


_____
JOHN EVERETT WILLIAMS, JUDGE