IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 5, 2000

## JESSE DANIEL HALL v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-23400-02      Bernie Weinman, Judge**

---

### No. W2000-01712-CCA-R3-PC - Filed January 11, 2001

---

This is a post-conviction appeal. In 1988, appellant was convicted of robbery with a deadly weapon and received a life sentence. Thereafter, the appellant filed a petition for post-conviction relief, attacking his conviction on the grounds of ineffective assistance of counsel. The trial court denied relief, and this Court affirmed the judgment of the trial court. Subsequently, the appellant filed the instant three petitions for post-conviction relief. Two of appellant's petitions attack the validity of the petitioner's convictions for grand larceny and third degree burglary, which were used to enhance his 1988 sentence for robbery with a deadly weapon. The third petition addresses the 1988 sentence and attacks the sufficiency of the evidence with regard to another of petitioner's prior convictions. The trial court summarily dismissed the petitions for failing to comply with the applicable statute of limitations and failing to state an appropriate ground upon which a successive petition could be lodged. The judgment of the trial court dismissing the petitions is affirmed.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

JOE G. RILEY, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

Jesse Daniel Hall, Henning, Tennessee, *pro se.*

Paul G. Summers, Attorney General and Reporter; Clinton J. Morgan, Assistant Attorney General; William L. Gibbons, District Attorney General; and John W. Campbell, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

Appellant seeks post-conviction relief from a life sentence resulting from his 1988 conviction for robbery with a deadly weapon. His attack is based upon the underlying convictions used to enhance his punishment. We affirm the summary dismissal of the petitions.

## PROCEDURAL BACKGROUND

On February 16, 1988, appellant was convicted of robbery with a deadly weapon, for which he received a life sentence. Appellant was found to be a persistent offender based upon his prior convictions for robbery with a deadly weapon, simple robbery, grand larceny, burglary in the third degree, and attempt to commit a felony. Appellant was also on parole at the time of the commission of the offense; thus, he was considered an especially aggravated offender. Appellant's 1988 conviction and sentence were affirmed by the Court of Criminal Appeals. State v. Jesse Daniel Hall, C.C.A. No. 21, 1989 WL 31448 (Tenn. Crim. App. filed April 5, 1989, at Jackson).[1] On July 17, 1990, the appellant filed a petition for post-conviction relief, alleging ineffective assistance of counsel. The trial court denied relief, and the appellant appealed to this court. The Court of Criminal Appeals affirmed the judgment of the trial court, and the Supreme Court denied review. Jesse Dan Hall v. State, C.C.A. No. 02-C-01-9112-CR-00268, 1992 WL 124464 (Tenn. Crim. App. filed June 10, 1992, at Jackson), *perm. to app. denied* (Tenn. 1992).

The appellant filed the instant three petitions for post-conviction relief on May 26, 2000. In the first two petitions, appellant challenges his guilty pleas to the charges of grand larceny and burglary in the third degree, both of which were used to enhance his 1988 sentence. Appellant's third petition alleges that his sentence for his 1988 conviction is invalid because the state failed to adequately prove he had a prior conviction for robbery with a deadly weapon. Thus, he contends he should not have been found to be a persistent offender.

The trial court denied relief stating that the petition was filed after the statute of limitations had expired, and the successive petition failed to state appropriate grounds upon which a successive petition may be lodged.

## POST-CONVICTION PROCEDURES ACT

First, appellant contends his prior convictions for grand larceny and third degree burglary were acquired through guilty pleas which were not knowingly or voluntarily entered. We conclude that appellant has failed to file his petitions within the statue of limitations. These convictions were obtained before the 1988 conviction, and the prior three-year statute of limitations expired long before the May 2000 filing. *See* Carter v. State, 952 S.W.2d 417, 418 (Tenn. 1997). We further conclude that the appellant does not state any grounds upon which the time for filing should be

---

[1]The appellant's first name is spelled "Jessie" in some pleadings.

extended. *See* Tenn. Code Ann. § 40-30-202. Thus, these two petitions were properly dismissed as untimely.

In the third petition, the appellant claims the trial court erroneously sentenced him as a persistent offender based upon his prior conviction for robbery with a deadly weapon. Specifically, appellant argues the state failed to adequately prove that he was previously convicted of robbery with a deadly weapon. This issue is waived as it could have been presented in the direct appeal of the 1988 conviction and sentence. *See* Tenn. Code Ann. § 40-30-206(g). Furthermore this petition addresses a conviction and sentence for which post-conviction relief has previously been sought and denied. Appellant failed to address the sufficiency of the evidence to establish this prior conviction in his first petition for post-conviction relief. The Post-Conviction Procedure Act contemplates the filing of only one petition for post-conviction relief. Tenn. Code Ann. § 40-30-202(c). Ordinarily, a second or subsequent petition is to be summarily dismissed. *Id.*

While an appellant may file a motion to reopen a prior post-conviction proceeding under limited circumstances as set out in Tenn. Code Ann. § 40-30-217(a), we conclude the appellant has failed to state any grounds which would satisfy this provision Thus, we decline to recognize the appellant's claim either as a successive post-conviction petition or as an attempt to reopen his original petition.

Therefore, we conclude the trial court properly dismissed each of the appellant's petitions.

## CONCLUSION

The appellant is not entitled to relief under the Post-Conviction Procedures Act, and the judgment of the trial court is affirmed.

_____
JOE G. RILEY, JUDGE