IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs March 7, 2001

## STATE OF TENNESSEE v. FREDDIE L. KING

**Appeal from the Criminal Court for Shelby County**
**No. P-23257     Bernie Weinman, Judge**

---

**No. W2000-01256-CCA-R3-PC  - Filed May 9, 2001**

---

The Defendant pled guilty to several offenses in 1992, receiving an agreed effective sentence of twenty-four years.  He subsequently filed for post-conviction relief, which was denied after a hearing.  The Defendant filed a second post-conviction petition which the trial court summarily dismissed.  The Defendant now appeals; we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and NORMA MCGEE OGLE, J., joined.

Freddie L. King, Henning, Tennessee, Pro Se.

Michael E. Moore, Solicitor General; Kim R. Helper, Assistant Attorney General; William L. Gibbons, District Attorney General; and John W. Campbell, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

In 1992 the Defendant pled guilty to three counts of theft under $500, one count of burglary, one count of aggravated rape, two counts of aggravated robbery, and two counts of especially aggravated robbery.  The Defendant received an agreed-upon effective sentence of twenty-four years for these crimes.  The Defendant then filed for post-conviction relief, attacking the validity of his guilty pleas.  After an evidentiary hearing the Defendant's claims were denied.  The trial court's judgment was affirmed on appeal.  See Freddie King v. State, No. 02C01-9611-CR-00433, 1998 WL 1704, at *6 (Tenn. Crim. App., Jackson, Jan. 5, 1998).

In May 2000 the Defendant filed pro se a second petition for post-conviction relief, complaining about the prosecuting attorney's statement of facts made in conjunction with his guilty pleas; attacking the process by which he was identified prior to trial; and contending that his sentence for the burglary conviction is invalid.  The trial court summarily dismissed the second petition,

finding that a prior petition had been decided on the merits and further finding that the second petition was barred by the statute of limitations. We now affirm the judgment of the trial court.

Relief under our Post-Conviction Procedure Act will be granted when a defendant's conviction or sentence is void or voidable because of the abridgment of any right guaranteed by either the Tennessee Constitution or the United States Constitution. Tenn. Code Ann. § 40-30-203. However, in order to seek such relief, a defendant must file his or her petition within the applicable statute of limitations. Id. § 40-30-202(a). Pursuant to the statute of limitations in effect when the Defendant was convicted, the Defendant had three years in which to file his petition for post-conviction relief. See id. § 40-30-102 (repealed 1995); Carter v. State, 952 S.W.2d 417, 418-20 (Tenn. 1997). While the Defendant's first petition for post-conviction relief was timely filed, the instant petition was not filed until 2000: clearly outside the statute of limitations.

Moreover, only one petition for post-conviction relief will be considered; if a prior petition has been filed and resolved on the merits by a court of competent jurisdiction, any subsequent petition shall be summarily dismissed. Tenn. Code. Ann. § 40-30-202(c). Here, the Defendant previously filed a petition for post-conviction relief which was resolved on the merits. See Freddie King, 1998 WL 1704. Accordingly, the Defendant's present petition was properly dismissed without a hearing.

Finally, even if the Defendant's second petition for relief was considered a motion to reopen his prior petition, he is entitled to no relief. Motions to reopen a prior post-conviction petition may be granted only under very limited circumstances. See Tenn. Code Ann. § 40-30-217(a). None of these circumstances are present in the instant case. Furthermore, motions to reopen must be supported by affidavit. See id. § 40-30-217(b). The present petition is not so supported, and summary dismissal was therefore proper. Id.

The judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE