IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 2, 2001

## ERIC WRIGHT v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-24313      Joseph B. Dailey, Judge**

_____

**No. W2001-00386-CCA-R3-PC  - Filed December 17, 2001**

_____

The Petitioner filed a petition for post-conviction relief on December 11, 2000, in which he attacked convictions entered in September 1990 and upon which final appellate action was taken in 1992. The post-conviction court dismissed the petition without a hearing, because it was filed outside the statute of limitations. Concluding that the post-conviction court erred by dismissing the petition without an evidentiary hearing, we reverse and remand to the post-conviction court for such a hearing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Remanded**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which GARY R. WADE, P.J., joined and JOSEPH M. TIPTON, J., filed a dissenting opinion.

Eric Wright, Only, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Kim R. Helper, Assistant Attorney General; William L. Gibbons, District Attorney General; and Stephen P. Jones, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

I.  PROCEDURAL BACKGROUND

The Petitioner, Eric Wright, is presently serving an effective sentence of 150 years in the Tennessee Department of Correction, as a result of his convictions for one count of robbery by the use of a deadly weapon and two counts of assault with intent to commit murder in the first degree. The convictions and sentences were affirmed on appeal by this Court. See State v. Eric R. Wright, No. 02C01-9107-CR-00152, 1992 WL 1414 (Tenn. Crim. App., Jackson, Jan. 8, 1992). A timely application for permission to appeal was not filed. On April 27, 2000, the Petitioner filed a motion for appointment of counsel to file a Rule 11 application for permission to appeal. See Tenn. R. App. P. 11. On May 8, 2000, the Tennessee Supreme Court filed an order denying the Petitioner's motion

for appointment of counsel to file a Rule 11 application for permission to appeal, in which it indicated that "the [Petitioner's] recourse is to file a post-conviction petition alleging ineffective assistance of counsel and seeking a delayed appeal. The Court expresses no opinion at this time as to the timeliness of such a petition."

On December 11, 2000, the Petitioner filed his post-conviction petition. On January 10, 2001, the post-conviction court entered an order containing the following findings of fact and conclusions of law:

1. The Petition was filed with the Shelby County Criminal Court Clerk on December 11, 2000.
2. The Petition attacks judgments of conviction from September 20, 1990.
3. The final appellate action on the judgments of convictions was when the Court of Criminal Appeals affirmed the convictions on January 9, 1992.[1]
4. The Petition alleges no facts which would toll the statute of limitations for post-conviction petitions.
5. Taking all the allegations in the Petition as true, the Petition is filed outside the statute of limitations.
6. Taking all the allegations in the Petition as true, the judgments of conviction are not void on their face.

The Court hereby orders that the Petition be DISMISSED without a hearing. Tenn. Code Ann. § 40-30-206(b).

## II. ANALYSIS

The Petitioner claims that he was represented ineffectively because his attorney failed to pursue an appeal of his conviction from this Court to our Supreme Court. As the Tennessee Supreme Court stated in its order filed on May 8, 2000, "the judgment of the Court of Criminal Appeals was filed on January 8, 1992. Counsel for the Defendant failed to notify his client that judgment had been rendered, failed to file a motion to withdraw pursuant to Supreme Court Rule 14, and failed to file a Rule 11 application with this Court. The time for filing a Rule 11 application to this Court expired on March 9, 1992."

The post-conviction court's order dismissing the petition includes findings that "the final appellate action on the judgments of convictions was when the Court of Criminal Appeals affirmed the convictions on January 9, 1992."[2] The petition for post-conviction relief was filed on December 11, 2000.

As the State points out in its brief, under the Post-Conviction Procedure Act of 1995, a petition must be filed "within one (1) year of the date of the final action of the highest state appellate

---

[1]Although the post-conviction court cites January 9, 1992 as the date of "final appellate action", the correct date is January 8, 1992.

[2]See supra note 1 (concerning correct date).

court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred." Tenn. Code Ann. § 40-30-202(a). Since Petitioner's judgments were entered prior to the Post-Conviction Procedure Act of 1995, the Petitioner was entitled to a period of one year following the effective date of the act (May 10, 1995) in which to file his petition for post-conviction relief. Carter v. State, 952 S.W.2d 417, 419 (Tenn. 1997).

Under the Post-Conviction Procedure Act of 1995, exceptions to the statute of limitations are explicitly set forth. These include claims based upon a new rule of constitutional law applicable to a petitioner's case, claims based upon new scientific evidence showing innocence, and claims based upon enhanced sentences that were enhanced because of convictions subsequently found to be illegal. Tenn. Code Ann. § 40-30-202(b)(1)-(3).

The Tennessee Supreme Court has recently held that strict application of the statute of limitations may not deny a Petitioner "a reasonable opportunity to assert a claim in a meaningful time and manner." Seals v. State, 23 S.W.3d 272, 279 (Tenn. 2000) (applying this rule to mentally incompetent petitioners). Additionally, the Tennessee Supreme Court has recently held that the statute of limitations might be tolled in a post-conviction case if "due process concerns surrounding possible attorney misrepresentation" exist. Williams v. State, 44 S.W.3d 464, 471 (Tenn. 2001). In Williams, our supreme court affirmed this Court's remand to the trial court for an evidentiary hearing to determine whether due process tolled the statute of limitations so as to give the appellee a reasonable opportunity after the expiration of the limitations period to present his claim in a meaningful time and manner and to determine whether the appellee's filing of his post-conviction petition was within the reasonable opportunity afforded by the due process tolling. Id.

In this case, the petition for post-conviction relief was clearly filed beyond the statute of limitations. In dismissing the petition without a hearing, the trial court found that "the petition alleges no facts which would toll the statute of limitations for post-conviction petitions." However, the pro se petition contains an allegation that the Petitioner's attorney did not effectively pursue the appeal of his convictions. The Petitioner attached to his petition what appears to be a "petition for discipline" concerning his attorney which sets forth in detail the allegations of ineffective representation by the attorney on appeal. Based on the Williams case, we conclude that the post-conviction court erred in dismissing the petition without conducting an evidentiary hearing to make determinations similar to those outlined in Williams. See id. Specifically, the post-conviction court should conduct an evidentiary hearing to determine "(1) whether due process tolled the statute of limitations so as to give the [Petitioner] a reasonable opportunity after the expiration of the limitations period to present his claim in a meaningful time and manner; and (2) if so, whether the [Petitioner's] filing of the post-conviction petition [in December 2000] was within the reasonable opportunity afforded by the due process tolling." Id.

Accordingly, we REVERSE the judgment of the post-conviction court and REMAND this matter to the post-conviction court for an evidentiary hearing to determine the above-stated issues.

_____

ROBERT W. WEDEMEYER, JUDGE