IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

MARIO GATES, PRO SE v. STATE OF TENNESSEE

Appeal from the Criminal Court for Shelby County
No. P-17138     James C. Beasley, Jr., Judge

No. W2002-02873-CCA-R3-PC  - Filed December 31, 2003

This matter is before the Court upon the State's motion to affirm the judgment of the trial court by order pursuant to Rule 20, Rules of the Court of Criminal Appeals. The Petitioner appeals the trial court's denial of his motion to reopen his petition for post-conviction relief. The Petitioner fails to assert a cognizable ground for reopening his petition. Accordingly, the State's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOE G. RILEY and JOHN EVERETT WILLIAMS, joined.

Mario Gates, pro se.

Paul G. Summers, Attorney General & Reporter; Jennifer L. Bledsoe, Assistant Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

On August 30, 1994, Petitioner entered a guilty plea to one count of aggravated assault, seven counts of aggravated robbery, four counts of criminal attempt to commit murder in the first degree, one count of especially aggravated robbery, one count of especially aggravated kidnapping, and one count of theft of property over $10,000. For these offenses, the trial court imposed an effective sentence of fifty years in the Department of Correction. No direct appeal was taken.

On July 2, 1996, Petitioner filed, *pro se*, a petition for post-conviction relief, alleging

1

*inter alia* the ineffectiveness of trial counsel. The trial court, on July 11, 1996, summarily dismissed the petition as time-barred. *See generally* Tenn. Code Ann. § 40-30-202(a)(1995). Subsequently, on November 1, 2002, Petitioner filed, with the assistant of a writ writer, a document captioned as a motion to reopen his post-conviction petition. As grounds supporting the motion to reopen, Petitioner alleges that trial counsel was ineffective. Additionally, Petitioner avers that his sentence is illegal and subject to being vacated. Petitioner alleges that the statute of limitations should not bar his petition as he depended on <u>state</u> appointed representation to reserve a certified question of law for appeal. He, therefore, argues that a state agent impeded his ability to seek post-conviction relief. On November 5, 2002, the trial court summarily dismissed the motion to reopen, finding that the petition was time-barred and that Petitioner failed to assert a viable ground for waiving the statute of limitations.

In 1995, the legislature reduced the statutory period for filing post-conviction petitions from three years to one year. Tenn.Code Ann. § 40-30-202(a) (1995 Supp.). As a result, the new Post-Conviction Procedure Act governed the original petition. Because the previous three-year statute of limitations had not expired at the time the new Act went into effect, the Petitioner's right to petition for post-conviction relief survived. *See* <u>Carter v. State</u>, 952 S.W.2d 417, 420 (Tenn. 1997). Therefore, the Petitioner had until May 10, 1996, one year from the effective date of the new Act, to file for post-conviction relief. Compiler's Notes, Tenn. Code Ann. § 40-30-201 (1996 Supp.). Petitioner filed his first petition on July 2, 1996, two months after the statute had run.

A subsequent petition, the petition presently before this Court, was filed on November 1, 2002. We first acknowledge that only one petition for post-conviction relief may be filed under the 1995 Post-Conviction Procedure Act. *See* Tenn. Code Ann. § 40-30-202(c) (*renumbered at* Tenn. Code Ann. § 40-30-102(c) (2003)). Thus, the petition may be summarily dismissed on this ground. *Id.* Notwithstanding, the Post-Conviction Procedure Act does contemplate the filing of a motion to reopen a first petition under limited circumstances. *See* Tenn. Code Ann. § 40-30-217(a) (*renumbered at* Tenn. Code Ann. § 40-30-117(a)(2003)).

A motion to reopen a petition for post-conviction relief may be filed only under limited circumstances. The first exception for retrospective application of a constitutional right is not raised in the petitioner's latest filing. *See* Tenn. Code Ann. § 40-30-217(a)(1). The second exception for new scientific evidence establishing actual innocence is not implicated. *Id.* § 40-30- 217(a)(2). Sentence enhancement, which is the third exception, is not an issue. *Id.* § 40-30-217(a)(3). The fourth exception deals with "facts underlying the claim [which], if true, would establish by clear and convincing evidence that the petitioner is entitled to have the conviction set aside or the sentence reduced." *Id.* § 40-30-217(a)(4). Thus, none of the exceptions or limited circumstances for reopening applies in this instance. Absent an applicable exception for reopening his first post-conviction petition, the Petitioner is not entitled to consideration of the most recent petition.

2

Next, even if Petitioner properly claimed a cognizable ground for reopening his petition under § 40-30-217(a), this Court would be without jurisdiction to entertain such an appeal. An appeal of the trial court's denial of a motion to reopen must be filed *within ten days of the lower court's ruling*, an application *in the Court of Criminal Appeals* seeking permission to appeal. *See* Tenn. Code Ann. § 40-30-217(c)(1997) (emphasis added); Tenn. Sup. Ct. R. 28 § 10(b). *The application shall be accompanied by copies of all the documents filed by both parties in the trial court and the order denying the motion.* Tenn. Code Ann. § 40-30-217(c)(emphasis added); s*ee also* Tenn. Sup. Ct. R. 28 § 10(b). In the present case, Petitioner has failed to comply with the statutory requirements for seeking appellate review. Specifically, Petitioner failed to timely file his application, Petitioner failed to file his application in this Court, and Petitioner failed to attach documents filed by the parties in the trial court and the order of the trial court denying the motion. The failure of a petitioner to comply with statutory requirements governing review of a denial of a motion to reopen deprives this Court of jurisdiction to entertain such matter. John Harold Williams, Jr. v. State, No. W1999-01731-CCA-R3-PC (Tenn. Crim. App. at Jackson, Mar. 23, 2000), *perm. to appeal denied,* (Tenn. Oct. 16, 2000). Neither the Post-Conviction Procedure Act nor the Rules of the Supreme Court permit this Court to suspend the statutory requirements. *Id.* Accordingly, this Court is without jurisdiction to entertain this matter.

Accordingly, it is ORDERED that the State's motion is GRANTED. The judgment of the trial court is AFFIRMED in accordance with Rule 20, Rules of the Court of Criminal Appeals.


_____
**DAVID G. HAYES, JUDGE**

3