# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
# AT NASHVILLE

## JAMES WILLIAM TAYLOR, a/k/a LUTFI SHAFQ TALAL v. STATE OF TENNESSEE

### Direct Appeal from the Circuit Court for Williamson County
### No. CR04273     Donald P. Harris, Judge

---

### No. M2004-02302-CCA-R3-PC - Filed March 28, 2005

---

In 1986, Petitioner, James William Taylor, a/k/a Lutfi Shafq Talal, was convicted, following a jury trial, of receiving stolen property over the value of $200.00 and concealing stolen property under the value of $200.00.  The convictions were in docket number S86300 in the Circuit Court of Williamson County.  No appeal was taken from these convictions.  In 1987, he was sentenced to three years for receiving stolen property and one year for concealing stolen property, with the sentences ordered to be served concurrently.  However, the sentences were suspended and he was immediately placed on supervised probation for five years.  In December, 1987, following the filing of a probation violation warrant, he was found to be in violation of his conditions of probation and ordered to serve thirty days in the Williamson County Workhouse, following which he would be released from custody and his probation reinstated.  In June of 1991, the Circuit Court of Williamson County entered an order again finding Petitioner in violation of his probation due to convictions for burglary, robbery, and first degree murder, and revoked probation and ordered him to serve the three-year sentence consecutively to the new convictions.  On April 15, 2004, he filed a petition for post-conviction relief attacking the convictions for receiving stolen property and concealing stolen property in case number S86300.  On September 14, 2004, the Circuit Court of Williamson County dismissed the petition for post-conviction relief because the three-year statute of limitations, which existed at the time of his convictions, had long since expired.  Petitioner appealed from this order, and the State has filed a motion for this Court to affirm the dismissal pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.  Finding merit in the motion, we grant same and affirm the judgment of the post-conviction court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20 of the Tennessee Court of Criminal Appeals

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

James William Taylor, Only, Tennessee, *pro se*.

Paul G. Summers, Attorney General and Reporter; Elizabeth Bingham Marney, Assistant Attorney General; and Ronald L. Davis, District Attorney General; and Derek K. Smith, Assistant District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

Petitioner alleges that his court-appointed attorney who represented him in the trial and sentencing in case number S86300, died within thirty days after entry of the judgment, and the original trial court did not appoint substitute counsel for him to appeal his convictions. There is, in the record, a copy of a motion filed by Petitioner's counsel representing him in the robbery, burglary, and murder charges, to allow him to file a late motion for new trial in case number S86300, for the reason that his appointed counsel had died and was unable to timely file the motion for new trial. This motion was filed February 1, 1988. However, there is no indication in the record the motion was ever ruled on.

Petitioner asserts that this motion tolled the running of the statute of limitations for his post-conviction petition and that due process concerns further tolled the running of the statute of limitations. A motion to late-file a motion for new trial is not a petition for post-conviction relief. Well within the time frame for filing a petition for post-conviction relief, Petitioner's probation was revoked, he was ordered to serve thirty days, and then placed back on supervised probation. Not until 2004, approximately 17 years after he was sentenced, did Petitioner file for post-conviction relief. Under the circumstances of this case, the post-conviction trial court properly summarily dismissed the petition because it was filed outside the statute of limitations. *See Carter v. State*, 952 S.W.2d 417 (Tenn. 1997); *see also Jamie Dewayne Reed v. State*, No. E2003-00942-CCA-R3-PC, 2003 Tenn. Crim. App. LEXIS 859 (Tenn. Crim. App., at Knoxville, Oct. 3, 2003), *perm. app. denied* (Tenn. Jan. 26, 2004); *see also Anthony Phillips v. State*, No. W2002-03004-CCA-R3-PC, 2003 Tenn. Crim. App. LEXIS 812 (Tenn. Crim. App., at Jackson, Sept. 16, 2003) (no Tenn. R. App. P. 11 application filed).

## CONCLUSION

The judgment rendered by the post-conviction court in this case, dismissing the petition for post-conviction relief, was in a proceeding before the trial court without a jury and was not a determination of guilt and the record does not preponderate against the finding of the post-conviction trial court. Furthermore, no error of law requiring a reversal of the judgment is apparent on the record. Accordingly, the judgment of the trial court is affirmed pursuant to Rule 20, Rules of the Tennessee Court of Criminal Appeals.

_____
THOMAS T. WOODALL, JUDGE