# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### AUGUST SESSION, 1999

FILED

Ocotober 31, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **TYLER W. BANES,** | ) | **C.C.A. NO. 02C01-9812-CC-00378** |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | **MADISON COUNTY** |
| **VS.** | ) | |
| | ) | **HON. FRANKLIN MURCHISON,** |
| **STATE OF TENNESSEE,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | **(Post-Conviction)** |

## ON APPEAL FROM THE JUDGMENT OF THE
## CIRCUIT COURT OF MADISON COUNTY

FOR THE APPELLANT:                FOR THE APPELLEE:

TYLER W. BANES                    PAUL G. SUMMERS
Pro Se                           Attorney General and Reporter
Turney Center, Route 1
Only, TN 37140-9709              R. STEPHEN JOBE
                                 Assistant Attorney General
                                 425 Fifth Avenue North
                                 Nashville, TN 37243-0493

                                 JERRY WOODALL
                                 District Attorney General

                                 ALFRED EARLS
                                 Assistant District Attorney General
                                 P.O. Box 2825
                                 Jackson, TN 38302

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# OPINION

Pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure, the Defendant, Tyler W. Banes appeals as of right the trial court's order dismissing his pro se petition for post-conviction relief. We conclude, without reaching the merits of the Defendant's claims, that the Defendant's petition for post-conviction relief is time-barred. We accordingly affirm the dismissal of the Defendant's petition for post-conviction relief by the trial court.

In May 1992, the Defendant was convicted of aggravated rape and aggravated sexual battery. In October 1993, this Court dismissed the Defendant's conviction for aggravated sexual battery, but affirmed his conviction for aggravated rape.[1] The Tennessee Supreme Court denied the Defendant's application for permission to appeal in 1994.

The Defendant subsequently filed a petition for writ of error coram nobis, requesting that his conviction for aggravated rape be set aside and that he be granted a new trial because of newly discovered evidence. The evidence upon which he based his petition was a recantation of testimony by the minor victim of his crime. However, the trial court denied the petition, voicing distrust of the victim's recantation. On May 1, 1996, this Court affirmed the trial court's dismissal of the petition for writ of error coram nobis.[2]

On December 2, 1997, the Defendant filed a pro se petition for post-conviction relief and a pro se amendment to his petition for post-conviction relief. The trial court

---

[1] State v. Banes, 874 S.W.2d 73, 81 (Tenn. Crim. App. 1993).

[2] Tyler Wayne Banes v. State, No. 02C01-9508-CC-00249, 1996 WL 218355 (Tenn. Crim. App., Jackson, May 1, 1996.

summarily dismissed the petition on November 20, 1998, finding that all issues raised by the Defendant in his petition were either previously determined or waived in that they were not raised on direct appeal. The Defendant now appeals pro se from the dismissal of his petition.

The pro se petition alleges generally prosecutorial misconduct, ineffective assistance of counsel and improper jury instructions. An amendment to the petition alleges that the indictment is defective. From our review of the record on appeal, we conclude that the petition is barred by the applicable statute of limitations.

At the time the Defendant's conviction became final, the statute of limitations applicable to post-conviction proceedings was three years. Tenn. Code Ann. § 40-30-102 (repealed 1995). The three-year statute of limitations was subsequently shortened to one year by the new Post-Conviction Procedure Act, which took effect on May 10, 1995. See id. § 40-30-210 to -310 (1997). The new statute of limitations begins to run from the "date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, [from] the date on which the judgment became final." Id. § 40-30-202(a). At the time the new act took effect, the previous three-year statute of limitations had not expired for the Defendant.

Of course, the new Post-Conviction Procedure Act governs this petition and all petitions for post-conviction relief filed after May 10, 1995. Id. The notes accompanying the new act explain that "any person having ground for relief recognized under [the new act] shall have at least one (1) year from May 10, 1995, to file a petition or motion to reopen a petition under" the new act. Id. § 40-30-201 compiler's notes; see also Carter v. State, 952 S.W.2d 417, 419-20 (Tenn. 1997). The new act provides that a reviewing court may entertain a late-filed petition for post-conviction relief only if certain narrow exceptions apply. See Tenn. Code Ann. § 40-30-202(b)(1)-(3) (1997).

The Defendant's conviction was affirmed by this Court on direct appeal in October 1993, and the Tennessee Supreme Court denied the Defendant's application for permission to appeal in 1994. The Defendant thus had until May 10, 1996, one year from the effective date of the new Post-Conviction Procedure Act, to file his petition for post-conviction relief. His petition, filed on December 2, 1997, obviously falls outside of this time period.[3] Therefore, the Defendant's petition is barred by the one-year statute of limitations applicable to post-conviction proceedings. Moreover, we conclude that none of the statutory exceptions apply. See Tenn. Code Ann. § 40-30-202 (a), (b).

Accordingly, we affirm the trial court's dismissal of the Defendant's petition for post-conviction relief.

_____
DAVID H. WELLES, JUDGE


CONCUR:


_____
JERRY L. SMITH, JUDGE


_____
JAMES CURWOOD WITT, JUDGE

---

[3] The amended petition alleges that the original petition was filed on May 6, 1996. In a response to the State's motion to dismiss the petition as time-barred, the Defendant alleges that the clerk's office lost or misplaced the documents. The Defendant apparently sent a copy of the petition to the District Attorney's office in May, 1996, but the record reflects that the petition and other documents were not filed in the Court Clerk's office until December 2, 1997.