# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

**DESHAWN MCCLENTON v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**No. 92-05944, 92-05466–68     J. Robert Carter, Jr., Judge**

**No.  W2010-02102-CCA-R3-PC  - Filed June 16, 2011**

The Petitioner, Deshawn McClenton, appeals the Criminal Court of Shelby County's dismissal of his pro se petition for post-conviction relief.  The State has filed a motion requesting that this Court affirm the post-conviction court's order pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.  Following our review, we grant the State's motion and affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

Deshawn McClenton, pro se, Whiteville, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General, for the Appellee, State of Tennessee.

## MEMORANDUM OPINION

On August 27, 1992, the Petitioner pled guilty to two counts of attempted premeditated murder, one court of attempted second degree murder, and one court of aggravated robbery.  The Petitioner was sentenced to eight years for each offense to be served concurrently.  The Petitioner was a juvenile at the time of the offenses but was transferred to criminal court to be tried as an adult.

On August 18, 2010, the Petitioner filed a pro se petition for post-conviction relief.  The Petitioner alleged that he received ineffective assistance of counsel and, therefore, failed

to enter a knowing, intelligent, and voluntary plea. The Petitioner also challenged the transfer proceedings in the juvenile court alleging that the juvenile court judge was not a licensed attorney. Finally, the Petitioner alleged that because he was released on bond for the aggravated robbery charge at the time of the attempted murder offenses, his sentences for the attempted murder convictions should have run consecutive to, rather than concurrent with, the sentence for the aggravated robbery conviction. On September 8, 2010, the post-conviction court dismissed the petition as time-barred. The Petitioner filed a timely notice of appeal.

At the time that the Petitioner entered the pleas in August 1992, the statute of limitations for filing petitions for post-conviction relief was three years. T.C.A. § 40-30-102 (repealed 1995). On May 10, 1995, the new Post-Conviction Procedure Act became effective and reduced the statute of limitations for petitions for post-conviction relief from three years to one year. T.C.A. § 40-30-102(a) (Supp. 1995). The new 1995 Post-Conviction Procedure Act governed all petitions for post-conviction relief filed after May 10, 1995, including the petition filed in this case. Because the Petitioner's three-year statute of limitations under the old act for his August 1992 plea had not expired on May 10, 1995, the effective date of the new act, the Petitioner's right to petition for post-conviction relief continued under the new act. See Carter v. State, 952 S.W.2d 417, 419-20 (Tenn. 1997). However, under the new act, a petitioner must file his petition for post-conviction relief within one year of the effective date of the new act. See Compiler's Notes to T.C.A. § 40-30-201 (Supp. 1995). Therefore, the Petitioner was required to file his petition for post-conviction relief by May 10, 1996. The Petitioner filed his pro se post-conviction relief petition on August 18, 2010, more than fourteen years after the statute of limitations had expired.

A post-conviction court may consider an untimely petition if (1) the highest state appellate court of the United States Supreme Court established a new constitutional right with retrospective application, (2) new scientific evidence has established the petitioner's innocence, or (3) a court has ruled that a previous conviction that enhanced the petitioner's sentence is invalid. T.C.A. § 40-30-102(b). A court may also consider an untimely petition if applying the statute of limitations would deny the petitioner due process. Burford v. State, 845 S.W.2d 204, 209-10 (Tenn. 1992). To determine if due process requires tolling of the statute of limitations, a court must:

> (1) determine when the limitations period would normally have begun to run;
> (2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and (3) if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable

opportunity to present the claim.

Sands v. State, 903 S.W.2d 297, 301 (Tenn. 1995). Due process requires a weighing of the petitioner's liberty interest against the state's interest in preventing the litigation of stale and fraudulent claims. Id.

A petitioner must include allegations of fact in the petition establishing either timely filing or tolling of the statutory period. State v. Nix, 40 S.W.3d 459, 464 (Tenn. 2001). "Failure to include sufficient factual allegations of either compliance with the statute or incompetence requiring tolling will result in dismissal." Id. The Petitioner maintains that the statute of limitations should be tolled because he just discovered the status of the juvenile court judge and referee involved in the juvenile court proceedings. Such allegations do not raise a due process concern that would require tolling of the statute of limitations. Moreover, these allegations fail to satisfy any of the statutory requirements for tolling of the statute of limitations. See T.C.A. § 40-30-102(b). This Court has previously held that the statutory provisions do not include a discovery exception tolling the statute of limitations. See Antonio Bonds v. State, No. W2010-01515-CCA-R3-PC, 2011 Tenn. Crim. App. LEXIS 203, at *11 (Tenn. Crim. App., at Jackson, Mar. 16, 2011). Because no exceptions apply that would toll the statute of limitations, the post-conviction court properly dismissed the Petitioner's post-conviction relief petition as time-barred.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the post-conviction court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ALAN E. GLENN, JUDGE